CARMICHAEL *vs.* AIKIN'S HEIRS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE WATTS
PRESIDING.

In a sale for taxes due the corporation of New-Orleans, by non-resident owners of lots, the name of the owner must in all cases be given and published in the proceedings. The designation that the owner is unknown, is insufficient to make such sales valid.

The debt or corporation tax due by non-resident owners of lots, must be proved, contradictorily with the attorney appointed to represent the absentee, and must be so stated in the judgment.

In a forced sale for taxes, of lots in the city, it is insufficient to designate the lot by its number, and *that* of the square it is in. It should be described, and its extent and boundaries given.

This is an action by the plaintiff, residing in the state of Mississippi, to recover a lot of ground in the city of New-Orleans, in the possession, and claimed by the heirs and legal representatives of Oliver Aikin, deceased.

The plaintiff shows title to lot No. 5, in square No. 58, fronting on Magazine and Robin streets, and alleges that he has always had an agent in Louisiana, to pay all his taxes and other dues on his property in this state. He prays judgment for the possession of said lot, and that it be declared to belong to him as owner, and for general relief.

The defendant pleaded a general denial, and further averred, that he purchased the lot in controversy from C. Toledano, which is worth five thousand dollars. He calls Toledano in warranty, and in case of eviction, prays judgment over against him for this sum, and for one thousand dollars for his improvements.

Toledano appeared and pleaded a general denial, and averred that he purchased said lot at a sale for taxes, made by the city marshal of New-Orleans, on the 20th May, 1828, in virtue of an execution, on a judgment obtained by the mayor, aldermen and inhabitants of the city of New-Orleans, before G. Préval, one of the city judges; that said sale was made in conformity with law.

He further avers, that he paid the price of said sale to the city of New-Orleans, and has made considerable improvements on said lot, and been at sundry expenses on account of it, all of which the corporation is bound to refund; as, also, the increased value, in case of eviction. He, therefore, calls the corporation in warranty.

The corporation pleaded a general denial, and averred that if the plaintiff ever had any title to the lot, he lost it by his neglect, because it had a claim thereon for eighteen dollars and sixty-five cents, due for taxes and other expenses, and caused suit to be instituted against the unknown owner, and an attorney was appointed to defend, when, after due proceedings had, a judgment was obtained, contradictorily, with him, in favor of the corporation; and the lot in question sold at public sale, and adjudicated to C. Toledano, as the highest bidder, for one hundred and ninety-five dollars.

That if the plaintiff had an agent in the city, it was his duty to have made himself known during the time the lot was advertised to be sold. They then aver, that in case of eviction, they are only bound to refund the sum paid by Toledano; and pray, in that case, that the plaintiff be adjudged to pay them the amount of their judgment against the owner of said lot, to wit, the sum of thirty-two dollars and sixty-five cents.

Upon these pleadings and issues, the cause was tried before the court and a jury.

The plaintiff produced his original title to the lot in question, and showed, also, that he had an agent in New-Orleans, in 1828, and that he paid taxes on other property situated there.

The record of the suit, and proceedings against the lot in question, had in the City Court of New-Orleans, before judge Préval, were offered in evidence by the corporation, called in warranty.

This suit was instituted by the corporation against "the vacant lot, No. 5, square No. 58, faubourg Annunciation, whose owner is unknown," for the sum of eighteen dollars and sixty-five cents, due for taxes and for digging ditches,

etc., in front of said property in the year 1828. An attorney was appointed to appear for the unknown owner.

Joseph O. Ramos, syndic of this faubourg, testified that he had made diligent search to find out the owner of said lot and his agent, and that he could not find them. Judgment was given for the sum claimed and costs of suit. Under an execution issued on this judgment, the city marshal advertised and sold the lot in question, and C. Toledano became the purchaser, for the sum of one hundred and ninety-five dollars.

The first section of the act, approved the 18th March, 1828, fixing "the mode in which town lots, etc., situated in the city of New-Orleans, etc., the owners of which are non-residents, may be seized and sold for the payment of taxes, etc., due to the corporation," *Provides,* " That whenever any sum of money shall be due to the corporation of the city of New-Orleans, by non-resident persons, who have no agent in this city, for city taxes and other expenses to which the said owners are subject, for the repairs of banquettes, paving, etc., it shall be lawful for the city treasurer, after having made due proof of the said debt before any competent tribunal, contradictorily with a person appointed by the said court to defend the said owner, to cause the city lots or other lands subject to the said taxes and other expenses, to be seized and sold in the manner hereinafter prescribed, without being bound to discuss the other property which the owner may have in the parish of New-Orleans, or elsewhere ; *Provided,* that the said order of seizure and sale may be issued for any sum, even under one hundred dollars."

The second section provides that no sale shall be made until the property seized has been advertised three months in two newspapers, printed in New-Orleans, in English and French ; that is three times in each month, and, also, on complying with the other formalities prescribed by law for the sale of real property seized.

The third and last section, gives the city courts jurisdiction of these cases, when the sums in contest are within their jurisdictional limits, etc.

EASTERN DIST.    The district judge who presided at the trial, charged the
*April*, 1839, . jury, that in forced alienations of property, all the formalities
CARMICHAEL    prescribed by law must be strictly observed and complied
*vs.*          with, to make such sales valid or binding on the owners of
AIKIN'S HEIRS.  the property thus sold.

The jury returned a verdict for the plaintiff, that he is en-
titled to recover the property he claims; that Aikin's succes-
sion have judgment against Toledano, in warranty, for the
sum of one thousand eight hundred and seventy-five dollars,
the price the latter received; and as between Toledano and
the corporation, that the former have judgment for twenty
dollars.

From judgment confirming this verdict, the heirs and legal
representatives of Aikin appealed.

*L. C. Duncan*, for the plaintiff.   1. The *evidence sustains*
the plaintiff's claim ; the notarial act attached to his petition
having first established his title to the lot of ground described
in his petition.

2. The law is with the plaintiff, whose evidence in the
case shows he had an agent in New-Orleans, in the summer
of 1828.   See *Acts of* 1828, *page* 102 ; *Morris* vs. *Crocker*,
4 *Louisiana Reports*, 150 ; *Morris* vs. *Abat*, 9 *ibid.*, 552 ; 3
*ibid.*, 422, 425.

*Preston*, for the defendants and appellants, insisted, that
the lot in question was properly sold to Toledano, according
to law ; being for taxes and other dues to the corporation of
New-Orleans.   See *Session Acts of March* 18, 1828, *section* 1.

2. The plaintiff had no known agent in New-Orleans, at
the time of the institution of suit against this property, for
the taxes, etc.   The law authorized their proceedings to be
carried on contradictorily, with an attorney, appointed to
defend the unknown owner.   *Ibid., section* 1.

3. But even if the plaintiff had an agent, he cannot suc-
ceed in this court, without first instituting an action of nul-
lity, to annul and set aside the judgment in favor of the cor-
poration.   *Code of Practice, article* 612.

4. The part of the judge's charge to the jury, that the act of March, 1828, applied to the property of persons, who were *known and absent,* was manifestly erroneous, and contrary to law. This act applies to all non-residents, known or unknown. The verdict and judgment should be set aside and reversed, and one rendered for the defendants.

*G. B. Duncan,* for plaintiff, in reply. '1. In the proceedings before Judge Préval, under which the defendants claim title, the requisitions of law have not been complied with. The title of the suit is that of The Mayor, etc., *vs. Vacant* lots and *unknown* owners; not *absent* owners, as the law requires.

2. It is not stated in said proceeding, when said proceeding originated *non constat;* they may have originated before the promulgation of the act of 1828, and the claim may have originated before the passage of the act.

3. In said judgment it is not stated that the owner of said vacant lot was unknown to the plaintiffs in that suit, or to the city treasurer, but to the syndic of the faubourg Annunciation, and that said syndic had made inquiries for the owner and his agent, and *he* could not find them.

4. The advertisement required by the 2nd section of the act of 1828, is for the purpose of giving the absent defendant notice of the proceedings against him and his property; and of course his name should be stated; and more especially, should the advertisement and judgment give such description of the property as to attract the attention of the owner or his agent. In this case it was not so; and these very lots are numbered differently in the sale of one of the defendants, from the legal advertisement. *Code of Practice,* 671.

5. It does not appear that the property was ever appraised, or that it was otherwise advertised than in the newspapers. It should have been advertised at the court house door. *Ibid.,* 668.

*Rost, J.,* delivered the opinion of the court.

On the 13th May, 1828, the plaintiff purchased, by nota-

EASTERN DIST.
*April*, 1839.

CARMICHAEL
*vs.*
AIKIN'S HEIRS.

rial act, a parcel of ground situated within the incorporated limits of the city of New-Orleans, for the sum of fourteen hundred dollars; part of which, in 1828, was sold at the suit of the corporation, to pay eighteen dollars and sixty-nine cents, city dues, and was adjudged to the highest bidder, after the usual advertisements, for the sum of one hundred and ninety-five dollars.

The plaintiff now claims the part which was sold, alleging that he never parted with his title, and that he has not been legally divested of it.

The defendants and their warrantors claim title under the judicial sale, and the only question at issue is, whether that sale and the proceedings under which it took place were in due form of law. In the District Court the case was submitted to a jury, who gave their verdict in favor of the plaintiff; and judgment having been rendered in conformity therewith the defendants appealed.

The act of the legislature under which the defendants caused the parcel of ground in controversy to be sold, has already received the interpretation of this court, in the case of *Morris* vs. *Crocker*, 4 *Louisiana Reports*, 147, and it was then held, that purchasers under that act are bound to show. that all the formalities required by it have been fully and faithfully complied with.

That statute authorizes the collection, in a manner which it provides, of the taxes and other sums due to the corporation by non-residents, who have no agents in the city. The district judge was of opinion, and so charged the jury, that

In a sale for taxes due the corporation of New-Orleans, by non-resident owners of lots, the name of the owner must in all cases be given in and published in the proceedings. The designation that the owner is unknown, is insufficient to make such sales valid.

the name of the non-resident owner must in all cases be given in the proceedings under that statute, and that the designation of an unknown owner was not sufficient to make them valid. We are of opinion the judge did not err. If the name of the owner had been known in this instance, the corporation would have known, also, that Kenny Laverty was his agent, and had paid taxes for him on other property, a few months before the institution of the suit by the corporation. So long as the owner was unknown, the court who tried the case had no means to ascertain whether he resided

here or elsewhere. The judgment states, that it was proved by Joseph O. Ramos, syndic of the faubourg, that he, Ramos, had used every diligence in his power, to find out the owner or his agent, without being able to succeed. This does not prove that the owner was a non-resident. The judgment rendered against him, as such, is not in conformity with the statute, and cannot sustain the title of the defendants. This judgment is defective in other respects less important. It does not state that the debt upon which the corporation sued was proved, although the law expressly requires it should be, contradictorily with the attorney appointed to represent the absentee. The designation of the lot, as *number 5, square number 58, faubourg Annunciation,* is insufficient. The street upon which lot number 5 fronts, the lateral streets of square 58, and, as far as practicable, the extent and boundaries of the lot ought to have been given. The object of the law, in directing that the property sold under this act shall be advertised three months, is to bring the fact of the seizure to the knowledge of the absent owner; but how could he recognize his property, under the designation of number 5, in square 58. The dimensions and situation of the lot are also necessary, to enable the bidders at the sale to know what they are buying, and this case furnishes a striking instance of the loss to which absent owners may be subjected, by the omission of that formality.

We are of opinion that the judgment of the District Court ought to be affirmed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs in both courts.

---

*Margin notes:*

EASTERN DIST.
*April,* 1839.

CARMICHAEL
*vs.*
AIKIN'S HEIRS.

The debt or corporation tax due by non-resident owners of lots, must be proved, contradictorily with the attorney appointed to represent the absentee, and must be so stated in the judgment.

In a forced sale for taxes of lots in the city, it is insufficient to designate the lot by its number, and that of the square it is in. It should be described, and its extent and boundaries given.