## No. 102.

### GABRIEL SCHWARTZ *v.* FRANK HUER.

1. Act No. 7, extra session of 1875, prohibiting sale of property for taxes during a certain period, did not affect sales made before its passage.
2. An action for damages for slander of title is not in the nature of a petitory action, and the plaintiff in such a suit does not assume the burden of proof.
3. Where the defendant in such a suit sets up title by way of reconvention, and asks to have it recognized, his demand is petitory in its nature, and the burden of proof is upon him.
4. A tax-title will not be enforced or maintained unless it affirmatively appear that all the legal formalities have been observed.
5. Where the description of the property sold is not sufficient to enable the public to know what property was to be sold, the sale is void.

*Appeal from the Fifth District Court. Rogers, Judge.*

*Hornor & Benedict* and *F. W. Baker* for plaintiff.

*Buck & Dinkelspeil* for defendant, appellant.

The opinion of the Court was delivered by Frank N. Butler, Esq., judge *ad hoc*, vice Rogers, judge, recused, having decided the case in the lower court.

BUTLER, Judge *ad hoc.*—Gabriel Schwartz, claiming to be the owner of a certain piece of real estate, and averring undisputed possession for five years previous to the institution of this suit, contends that defendant, Huer, illegally and maliciously slanders his title by claiming, under a pretended act

6

of sale made to him by A. S. Badger, State Tax Collector, on the 24th of August, 1876, wherein said Badger conveyed the title which the State of Louisiana claimed to have acquired by purchase at public auction from J. W. Fairfax, State Tax Collector, on the 24th of March, 1875. For the many reasons assigned in the petition, Schwartz asked for judgment, decreeing him to be the owner of the property, also declaring defendant's title null and void, and finally ordering the Recorder of Conveyances to cancel and erase from the records of his office the inscription of defendant's title, with one hundred dollars damages and costs.

The answer urges the validity of the tax-title, and sets up several grounds tending to show such a want of title in plaintiff, that, from its own weakness, it is wholly insufficient to enable plaintiff to recover. Then, assuming the character of plaintiff in reconvention, defendant asks for a "judgment recognizing him as the sole and legal owner of the property in controversy; and, if that relief be refused, that his title be recognized subject to plaintiff's right of redemption."

The lower court gave plaintiff judgment, decreeing defendant's title null and void, ordering its erasure from the conveyance records, and requiring plaintiff to restore to defendant $83 66, the amount of the taxes for which the property was sold, defendant to pay all costs. From that judgment defendant has appealed.

The only point presented in the brief of counsel for the plaintiff for our consideration is that defendant's title is an absolute nullity, the same having been acquired under a tax collector's sale made at a time when the law prohibited the making of such sales, viz: in violation of the provisions of Act 7 of the extra session of 1875.

To sustain this position counsel have referred us to Workingmen's Bank v. Lannes, 30 An. 871.

In the case submitted for our decision we find that the property in controversy was acquired by the State of Louisiana at public sale, held under the direction of the State tax

collector for the Fourth District, City of New Orleans, *on the 24th day of March, 1875.* On turning to the Acts of 1875 we find that Act No. 7 of the extra session of that year was not adopted *until the 8th of May, 1875.* We cannot, therefore, understand how Act No. 7 of the extra session of 1875, which was passed on the 8th of May, 1875, could possibly prohibit the State tax collector from making a sale on the 24th of March, 1875—a month and a half previous to the adoption of that statute. No law may be construed so as to have a retroactive effect. C. C. Art. 8; State Constitution of 1868, Art. 110. Workingmen's Bank *v.* Lannes, 30 An. 871, does not apply. The facts of that case show that the Court had under consideration the validity of a tax collector's sale made in August, 1875—a sale effected several months *after* the passage of Act 7 of the extra session of that year. That decision unquestionably declares that by the provisions of Act 7 of the extra session of 1875 tax collectors throughout the State are prohibited from selling property for delinquent taxes in the year 1875 from and *after* the adoption of that act; but it does not say that tax collectors' sales made *prior* to the passage of that statute are null and void.

We are satisfied that no law was in force on the 24th of March, 1875, which prohibited the tax collector from making the sale in controversy; and, if the sale is void, it must be so for some other reason.

Before considering any of the many other reasons assigned in plaintiff's petition for the nullity of defendant's tax-title, we have endeavored to ascertain the true character of the present action, for the purpose of determining upon whom rests the burden of proof.

Defendant's counsel contend that plaintiff's suit is in the nature of a petitory action, and, being such, he can recover only on proving a superior title vested in him, and that he can have no relief by reason of any defect in defendant's title.

Art. 43 C. P. says: "The petitory action, or one by which real property, or any immovable right to such property may

be subjected to is claimed, *must be brought against the person who is in the actual possession of the immovable,*" and in that action the plaintiff *must make out his title,* otherwise the *possessor,* whoever he be, shall be discharged from the demand.  C. P. Art. 44.

We have carefully analyzed plaintiff's petition, and are satisfied that it is destitute of at least *one* of the essential elements necessary to constitute the petitory action.  It not only fails to allege that defendant is in the actual possession of the property in dispute, but, on the contrary, it particularly and expressly avers plaintiff's uninterrupted possession for *five* years preceding the institution of the suit.

Defendant has reconvened, and asked that the property be adjudged to him.  This reconventional demand, or cross action, wherein defendant sets up title in himself, and sues plaintiff, the actual possessor, by virtue of his, defendant's, tax-title, is clearly petitory, and, under Article 44 of the Code of Practice, imposes on defendant the obligation of making the proof requisite to sustain his demand.  The case of Millaudon *et al. v.* McDonough, 18 La. 107, is instructive, and determines both the character of this action and the party upon whom the burden of proof lies.  The Court said : " The first question is upon which party lies the burden of proof as to the title of the land. The defendant says it rests upon his adversaries and their warrantor.  We think differently.  The reasons given by the district judge in his judgment have not been refuted, and are, in our opinion, unanswerable.  He says the demand of the plaintiffs in their original petition does not constitute a petitory action.  It is destitute of the first requisite of that action, not being brought against a party alleged to be in possession. C. P. Art. 43.  On the contrary, the plaintiffs allege they are in possession.  *   *   *   It is true the defendant says he is in possession also, and, had he rested his case upon that allegation, it is possible the question would have been limited to that inquiry, according to Article 49 of the Code of Practice. But the defendant has gone further, without excepting to the

form of action. He comes up to the mark, sets up title in himself, and institutes a reconventional demand, asking that the property be adjudged to him. This reconventional demand, or cross-action, which is by the Code of Practice consolidated with the principal, or original suit, is clearly petitory, and imposes on McDonough the obligation of making the proof requisite to sustain his demand."

We have carefully considered the cases cited by counsel for defendant, from 12 Ann. 5, and 13 Ann. 235, neither of which, in our opinion, controvert the rule laid down in Millaudon et al. v. McDonough. The case in 12 Ann. says: "The rule of practice, which, in an action of slander of title, imposes on the defendant, who reconvenes and sets up title to the property, the burden of proof which rests on the plaintiff in a petitory action, applies only to a case *where the defendant is out of possession.*" And, in Chas. Van Wych *v.* Myra Clark Gaines, cited from 13th Annual, the Court said: "The action of jactitation of title has for its object the repose of titles. It is brought by the possessor only. Its tendency is to force *the party* NOT IN POSSESSION, who yet asserts a right out of court to come into court and disclaim or assert the right judicially.

Applying the law and authorities thus considered to the case at bar, we find that plaintiff's suit is not a petitory action, and that defendant's cross-suit, or demand in reconvention, partakes of that nature—and, consequently, the burden of proof rests upon the latter, under article 44 of the Code of Practice, to establish his title, in order to recover and turn plaintiff out of possession.

Act 47 of 1873, under which defendant derives title to the property in controversy, provides: "That in case of refusal or neglect of any person against whom property is assessed to pay the taxes thereon, within ten days after the expiration of the public notice required by law, the tax collectors may give ten days written or printed notice to the owner or agent of the property assessed, to pay said tax, after which delay, if not fully paid, the said tax collector may make a seizure of such

property by recording a description of the same, with the amount due, in the mortgage book of the parish where it is situated; and, on the fourth day of such recordation, shall proceed to sell said property, without legal process, to pay said tax, and all lawful costs, after advertising three times within ten days, in the official journal; and in the country parishes, where such publications cannot be made, by public notice for such ten days."

The first step to be taken to effect a valid transfer by the State tax collector, under Act 47 of 1873, was to be satisfied that public notice had been given to the owners or holders of property assessed to come forward and pay their taxes; and then, if, within ten days after such notice, the tax was not paid, it was incumbent upon the tax collector to serve a written or printed notice upon the owner or agent of the property assessed to pay said tax; after service of such notice, and a further delay of ten days, upon failure of the owner or agent to pay, the tax collector was authorized to seize the property, by recording a description of the same, with the amount of the tax, in the mortgage book of the parish where the property is situated; and, on the fourth day of such recordation, he was directed to advertise the property for sale, such advertisement to appear three times, within ten days, in the official journal of the parish.

The evidence offered in support of the tax-title of defendant, consists of—

1st.   The advertisement of the sale, which appeared in the New Orleans Republican on the 12th, 20th and 24th day of March, 1875.

2d.   The tax collector's deed, executed September 6th, 1875 ; and

3rd.   The formal act of sale passsd before Chas. A. Thompson, notary public, in confirmation of the deed of the 6th of September, 1875.

We have examined this evidence, in vain, to find a recital of

the preliminary steps provided for in the Act of 1873; nothing is contained in such evidence to the effect that notice to the owner to come forward and pay the tax assessed was ever published; that written or printed notice to pay was served upon the owner or agent; that seizure of the property was effected by recording a description thereof, with the amount of the tax, in the mortgage book of the parish where the property is situated; or that an advertisement of the sale was made *three times within ten days*, in the official journal.

Not one of the above referred to requisites is mentioned, except the advertisement in the official journal, which, from the recital in the deed, was not made three times within *ten* days, but three times within *twelve* days.

Moreover, the advertisement does not contain a description of the property with sufficient certainty to enable the public to know what property was to be sold. The description given reads as follows: " A certain lot of ground in square No. 22, bounded by Levee, St. Thomas, Sixth and Seventh streets, fronting on Levee street, measuring 18 by 123 feet." From such a description, it is impossible to ascertain what lot, fronting on Levee street, in the square mentioned, is referred to. There are, generally, ten or eleven lots fronting on each street bounding a square, and the only designation given in the advertisement is, that it is one of such lots, in square No. 22, having a front on Levee street.

Where the owner of property is compelled to give it up, through the sharp and summary process of a tax collector's sale, it is the manifest policy of the law to hold the tax collector to a strict and close compliance with every legal requisite; and no tax title will be enforced unless it is affirmatively shown that he has done every material act and thing required of him by law.

Person *v.* O'Neal and others, 32 A. 228, and authorities there cited.

Judgment affirmed.