## No. 107.

BERNARD WORMAN *v.* WIDOW GEORGE MILLER. M. POEL-
MAN, Intervenor.

1. The uncontradicted affidavit of the plaintiff, showing that the amount
   involved is such as to give this Court jurisdiction, will prevent the dis-
   missal of the appeal on the ground of the want of such amount, even
   though the affidavit were not filed until after the trial of the cause had
   commenced in this Court.
2. If the record shows no motion of the plaintiff to strike out the inter-
   vention of a third person, and no objection on his part to the admission
   of evidence to prove the demand set up in the intervention, he is
   estopped from objecting to the adjudication of the interventional de-
   mand.
3. A tax sale, of property situated within the city of New Orleans, which has
   not been advertised in the official journal three times within ten con-
   secutive days before the sale, is void.
4. Where the absolute nullity of a tax sale appears on the face of the tax
   collector's deed, the sale may be attacked collaterally.

*Appeal from Fourth District Court, Parish of Orleans. Lynch,
Judge.*

*Wynne Rogers* for plaintiff, appellant.

*Kennard, Howe & Prentiss* for defendant and intervenors.

The opinion of the Court was delivered by Percy Roberts,
Esq., judge *ad hoc*, *vice* Rogers, judge, recused, having been of
counsel.

ROBERTS, Judge *ad hoc*.—The essential facts of this case
appear to be as follows:

Certain immovable property, situated in the city of New Or-
leans, and specifically described in the pleadings, was sold at
public auction by A. S. Badger, tax collector, and adjudicated
to the plaintiff herein for the price of $87 $\frac{60}{100}$.

The sale was made under provisions of the Act of the
Legislature, No. 47, of the year 1873, to satisfy a debt due the
State on account of unpaid taxes.

On the basis of the title passed to him in virtue of the sale,

the plaintiff brought this suit, and demanded to be put in possession and recognized as the owner of the property.

After the answer of defendant was filed, Dr. M. Poelman intervened and claimed that he was the owner of a portion of the property in dispute, and held a mortgage on the other portion, and united with the defendant, Mrs. Miller, in asking that the sale to the plaintiff be declared invalid.

Two preliminary questions present themselves for determination before considering the case on the merits.

First. Has this Court jurisdiction?

It appears in evidence that sometime before the tax sale the property sold for the sum of $1300, and at the tax sale sold for only $87 $\frac{60}{100}$.

Counsel for defendant and intervenor moved to dismiss the appeal, on the ground that whether the price for which the property sold before or at the tax sale be adopted as its value, this Court is without jurisdiction. That if $1300 be adopted as its value, then that this case is appealable to the Supreme Court; and if $87 $\frac{60}{100}$ be adopted, then that the case is appealable to no court at all.

We are saved the necessity of passing on this dilemma by the uncontradicted affidavit of the plaintiff, filed after the trial of the case had commenced in this Court, showing that he has an interest at issue in the suit that will give this Court jurisdiction. The motion to dismiss is, therefore, overruled.

See Burke v. Wall, 29 La. An. 38.

Second. The plaintiff objects to an adjudication by this Court as to the claims of intervenor, on the ground that he had no right to come into the case by way of intervention.

Whatever right the plaintiff may have had, if any, to urge such an objection has been waived by him. The record shows no motion to strike out the intervention, and no objection to the introduction of any evidence offered in support of the interventional demand. Such action involved a consent that the interventional demand should be passed on, and thereby estopped the plaintiff from objecting to a judgment on that

demand. See 16 La. An. 273; 17 La. An. 37; 20 La. An. 241; 30 La. An. 398 ; 31 La. An. 839.

The counsel of defendant and intervenor maintain the invalidity of the tax sale on several grounds, all of which embrace questions of much interest, and all of which were discussed in the oral argument with research and ability on both sides. The conclusion we have reached on one of the points made by the defendant, makes it unnecessary for us to consider any other.

The point referred to is, that the advertisement of the sale by the tax collector was not made three times within ten days. The evidence is that the first advertisement appeared in the official journal on the 5th of March, 1875, and the third advertisement on the 20th of March, 1875, the day of the sale. The law under which the adjudication was made specifically prescribes that it shall take place " *after advertising three times, within ten days, in the official journal,*" etc.

The attorney for the plaintiff contends that the sole purpose contemplated by the law is to compel the advertisement to be made for the space of at least ten clear days before the sale, and, therefore, if the first insertion in the official journal appears the ten clear days before, it is immaterial whether the second and third insertions appear within ten days after the first insertion or not.

In support of his proposition he quotes the decision of the Supreme Court in the case of Renshaw, Cammack & Co. *v.* Imboden, 31 La. An. 661. An inspection of that decision shows that the only point settled by it was that "*there must be ten clear days between the first appearance of the notice and the sale.*"

But the question whether the *three* appearances of notice required by the law should be *within a space of ten consecutive days* was not raised or passed on in that case. The decision in it, therefore, cannot be invoked as determinative of this case.

The language of the law under which this tax sale was made

is explicit and free from ambiguity.  It says in so many words that the sale must be made " after advertising three times *within ten days.*"

The question then is, is the tax collector, or are *we*, permitted to strike out ten and substitute any greater number? In other words, is the officer charged with the execution, or the officer charged with the interpretation, of any law, permitted to disregard the letter of the law when the letter is plain, intelligible and mandatory?  Such authority does not exist, even when the law under construction is one of beneficence, where a generous latitude of interpretation is permissible.

It clearly cannot be claimed to exist in respect of the law now under consideration.  On the contrary, the immemorial rule is that "in forced sales for taxes every formality of the law must be strictly complied with under the pain of nullity." See 6 Martin, N. S. 348; 7 La. 250; 10 La. 283; 13 La. 205; 4 La. An. 248; 6 La. An. 542; 8 La. An. 19; 10 La. An. 329; 15 La. An. 15; 29 La. An. 508; 30 La. An. 175, 298, 871; 32 La. An. 912; Schwartz *v.* Huer, 1 McGloin, 81.

From the express words of the law, it seems clear that the purpose of the Legislature was to deprive the tax collector of all discretion as to the term within which the three appearances of the notice of sale should be made in the official journal.  The collector in this case, however, chose to exercise that discretion, and advertised the sale three times within fifteen instead of ten days, thereby, in our judgment, rendering the sale absolutely null and void.  See 32 La. An. 704. See, also, Strafford, Ex., *v.* Twitchell, No. 7729, 33 La. An.

The plaintiff further maintains that however defective the sale may be, he holds under a deed from the collector; that such a deed under the Constitution of 1868 is *prima facie* evidence of a valid sale, and hence, that his title, founded on that sale, cannot be collaterally attacked.

The conclusive answer to that proposition is, that the deed itself, on its face, discloses the absolute nullity of the sale.  In
11

such a case it is not necessary to institute a direct suit to annul. The sale may be attacked collaterally by any party in interest. 31 La. An. 663.

It is, therefore, adjudged and decreed that the judgment of the lower court be amended as follows :

Let there be judgment in favor of the heirs of the intervenor, Dr. M. Poelman, who have been made formal parties to the suit, as prayed for in the petition of intervention filed herein by said Poelman. As thus amended, the judgment of the lower court is affirmed, the appellants to pay costs in both courts.