The opinion of the court was delivered by
Watkins, J.
The ground on which appellee seeks the dismissal of the appeal is that the appellants have acquiesced in the judgment appealed from since that appeal was taken.
The judgment appealed from is one obtained by the succession of Francois Lacroix, of which E. T. Parker was administrator, against the succession and heirs of Joseph Bilgery, numbered 44,498 of the docket of the Fourth District Court of the parish of Orleans, which was rendered and signed on the 24th of October, 1878, and one supplementary thereto, which was rendered and signed on January 31, 1879, now pending on appeal in this court; said judgment decreeing that the succession of Francois Lacroix is the owner of a certain lot of ground, and recover from the widow and heirs of the late Joseph Bilgery the sum of nine hundred and ninety-nine dollars and seventy-five cents, to be paid in certain designated proportions, not necessary to be particularly mentioned.
It is from that judgment that the heirs of Bilgery are appellants.
Ernest Ouculu having become administrator of the estate of Francois Lacroix in place of E. T. Parker, the motion to dismiss is made in his name.
The ground of the motion is to the effect that since the taking of the appeal the heirs of Joseph Bilgery have acquiesced in the judgment by attempting to buy said judgment at a pretended judicial sale at a public auction, though said sale was made without authority, and while the succession, appellee, was not represented; and further, that said appellants have appeared in the suit of Ernest Cuculu, Administrator, vs. J. M. Bilgery et als., No. 41,466 of the Civil District Court, and filed an answer, averring themselves to be the owners of the real estate claimed in this cause by virtue of their pretended purchase at said sale, as will appear by a certified copy of said petition and answer hereto annexed.
Appellants appeared and answered the motion to dismiss, and averred and represented that the “judgment recovered by said E. T. Parker, administrator as aforesaid, from which the appeal herein was taken, and the claim in that suit was sold on the 7th of March, 1879, at public auction by Placide J. Spear, after due proceedings and advertisement, pursuant to an order of the Second District Court for the parish of Orleans, made in the succession of said F. Lacroix, *1350 ■which court had jurisdiction over the administration of said succession; and the defendants and appellants in this cause purchased the said claim and judgment in said suit,-and paid the price of one thousand one hundred and fifteen dollars therefor in cash to said auctioneer. That afterward said purchasers took a rule upon the said Spear to compel him to make a prooes verbal of said sale, and a rule was also taken by Mrs. Lacroix, one of the heirs of Francois Lacroix, to set aside said sale. That the rule on Spear was made absolute, and the rule to set aside the sale, taken by Mrs. Lacroix, was dismissed, which judgment upon said rules became final in March, 1879, and have not been appealed from or in any manner set aside, avoided or reversed, but still remain in full force and effect.”
Without proceeding any further in this court, the case was remanded to the court a qua for the administration of proof on the issues thus raised, so that we might be able to act upon it in determining the question before us, viz.: the dismissal of the appeal vel non.
While the question of the appellant’s title to the judgment appealed from, and of its avails, has been much discussed by counsel on either side in their briefs, and that question was gone into in the evidence that was adduced, it strikes our minds that it can not be determined now, and that no judgment we could render thereon would operate as res adjudieata between the parties.
But we think it clearly appears as well by the proof administered as by appellant’s judicial admissions, that the judicial proceedings and sale, whether valid or illegal, have Ihe effect of an acquiescence in the judgment, which must result in the dismissal of the present appeal.
But judgment dismissing the appeal can not, in any manner, affect the rights of appellants as adjudicatees at the auction sale. They are fully reserved.
Appeal dismissed.