The opinion of the court was delivered by
Watkins, J.
This is a petitory action for the recovery of certain improved real estate situated in New Orleans, and from a judgment in favor of the plaintiffs the defendants have prosecuted this appeal. A fair synopsis of the issues involved is as follows, viz.:
In 1877 E. T. Parker, administrator of the succession of Lacroix, brought suit against Joseph Bilgery for the annulment and revocation of a tax adjudication and sale to him, of certain properties, and that in suit among others. That suit resulted in a judgment in favor of the plaintiff for the recovery of the property and its rents and revenues, aggregating several hundred dollars; and from that judgment an appeal was taken by the defendants, which was ultimately dismissed by this court in 1894.
In January, 1894, the present administrator of the succession of Lacroix instituted this suit against the defendants for the recovery of the property; and it was resisted, upon the ground that they had acquired at public judicial sale made in the succession of Lacroix, after due proceedings and advertisement, “ the claim in said suit, and the judgment recovered by Parker, as administrator of the succession of Lacroix,” etc., and that the legal effect of said adjudication was to vest a complete title, to the property in them.
A great many questions, more or less interesting and complicated, have been raised and argued by counsel on either side, but which, in our opinion, need not be examined and decided, as, in our conception, the decision must turn upon the question whether title to the property purported to have been passed by the adjudication and sale to defendants.
Referring to our opinion in the case of E. T. Parker vs. Joseph Bilgery et als., 47 An. 1348, we find it to be a fact thatthe plaintiff’s motion to dismiss the appeal was grounded upon the acquiescence in the judgment appealed from by the defendants; and that their acquiescence was alleged to consist in the alleged purchase by the de *1247 fendants of the aforesaid judgment, from which their appeal was taken during the pendency of the appeal. That upon finding, from the proof exhibited, that this was the real and actual condition of affairs, we dismissed the defendant’s appeal; and the legal effect of our finding was, to leave the judgment appealed from in full force, as though no appeal had been taken. Inasmuch as we had much of the testimony before us then which is exhibited to us now, we feel at liberty to make use of the views therein entertained and the facts therein found, in so far as they apply to the question of title vel non, as the same parties are now before us.
“The judgment appealed from,” our opinion says, “ is one obtained by the succession of Francois Lacroix, of which E; T. Parker was administrator, against the succession and heirs of Joseph Bilgery * * * which was rendered and signed on January 31, 1879, now pending on appeal to this court; and judgment decreeing that the succession of Francois Lacroix is the owner of a certain lot of ground, and (to) recover from the widow and heirs of the late Joseph Bilgery the sum of $999.75 to be paid in certain designated proportions, not necessary to be particularly mentioned. * * * The ground of the motion is to the effect that since taking the appeal the heirs of Joseph Bilgery have acquiesced in the judgment, by attempting to buy said judgment at a pretended judicial sale at public auction, though said Bale was without authority, and while the succession, as appellee, was not represented. * * * Appellants appeared and answered the motion to dismiss, and averred and represented that ‘ the judgment recovered by said E. T. Parker, administrator as aforesaid, from which the appeal herein was taken, and the claim in that suit was sold on the 7th of March, 1879, at public auction by Placide J. Spear, after due proceedings and advertisement, pursuant to an order of the Second District Oourt for the parish of Orleans made in the succession of F. Lacroix, which court had jurisdiction over the administration of said succession; and the defendants and appellants in this cause purchased the said claim and judgment in said suit, and paid the price of one thousand one hundred and fifteen dollars in cash to said auctioneer.”
Thus we have it judicially affirmed as a fact — in the opinion of this court as well as in the judicial averments of defendants and appellants in that suit, who are defendants and appellants in this — that the auctioneer adjudicated and the defendants and appellants “pur *1248 chase.d the claim and judgment in said suit ” of E. T. Parker, administrator of the Succession of Francois Lacroix vs. Joseph Bilgery, and not the realty which was involved in that suit. We have it affirmed, also, that the judgment annulled the tax adjudication and sale of the property in suit, and condemned the defendants to make restitution of the sum of nine hundred and ninety-nine dollars and seventy-five cents, as the rents and revenues thereof, and the judgment of this court dismissing their appeal left that judgment in force —subject, of course, to any rights thereon which they had intermediately acquired during the pendency of the appeal.
On this statement it is quite evident to our minds that the title to the property did not pass to the defendants as adjudicatees at the auction sale.
The judgment decreeing the nullity of the tax sale to Joseph Bilgery did not become absolutely final until our decree was rendered dismissing the appeal; and the judgment itself merely fixed and decided the status of the title to the property, and decreed the plaintiff entitled to its reven'ues. Once this judgment was pronounced, its mission was at an end and its object was accomplished. This judgment had the effect — in so far as the property was concerned — of disencumbering the title of Lacroix’ succession of an impediment to the exercises of the rights of ownership; but it was a money judgment to the extent of the rents and revenues that it adjudged the succession entitled to recover, and no further.
In respect to the property the judgment merely fixed its status, and, in this respect, it is somewhat analogous to a judgment which recognizes the capacity of an heir, the nullity of a marriage, the validity of a will, or the right to a divorce. In. this class of cases, the rendition of the judgment is the final evidence of a right, or title; but, unlike a decree that requires a sum of money to be paid, it is not a proper subject of seizure and sale, separate and apart from the property, the title to which it applies. Such a judgment is only susceptible of execution by means of a writ of possession; and that the defendants had already under their tax title. Consequently, it carried to them no further or additional insignia of ownership. In so far as “ the claim” of the succession of Lacroix’ is concerned— that is to say, the judgment it recovered against the defendants for rents and revenues of the property — it was a legitimate subject of *1249 seizure and sale; but in this suit it is of no consequence, as it is not an issue, this being a petitory action pure and simple.
We are of the opinion that defendants acquired no title to the real estate in controversy under the adjudication to them in the succession of Francois Lacroix; and for like reason their plea of ten years’ prescription is not well founded, because their title is not such as to transfer the ownership of the property, in the sense of Revised Civil Code, 3484.