(37 South. 990.)

No. 15,036.

In re LAFFERRANDERIE.*

(Nov. 21, 1904.)

TAX SALE — NOTICE—OWNER IN POSSESSION— TAX DEED—EVIDENCE—TRANSFER BY STATE—ESTOPPEL.

1. Plaintiff sought to be placed in possession of property by virtue of a sale under which she claims title.

2. Defendant sued out an injunction to prevent plaintiff from going into possession, and attacked the validity of plaintiff's tax sale, and pleaded the validity of the title under which he holds possession.

3. Where notice is necessary, it ought to appear that such notice was given in due time. A tax sale should be made only after giving notice to the delinquent. The delinquent referred to is the owner actually in possession on the day that proceedings are taken to advertise and sell the property for taxes due thereon.

4. No notice was given to the owner in possession.

5. Where the want of said notice is alleged in answer to a claim of ownership under a tax title, and the deed or no extraneous evidence shows that notice was given, the deed is not prima facie evidence as against the one who claims in opposition to the tax title.

With reference to notice, the tax deed contains the following:

The "tax collector further declared that one of said notices, correct in form and substance, was duly and legally served on the delinquent taxpayer hereinafter named, or left at his residence or place of business."

The person named was not the owner in possession under title, under whom the defendant claims as owner. There is no evidence tending to show that he was notified.

6. The state can transfer only such title and such rights as she had. The tax deed had been decreed null in a suit to which the purchaser

---

[1] 113 La. 1053.

*Rehearing denied February 13, 1905.

at tax sale became the adjudicatee. The latter cannot acquire a greater right than the state had. "Nemo plus juris ad alium transferre potest quam ipse habet."

7. The adjudicatee at a tax sale, who not only stands by and allows a sale to be made of the property so bought, is concluded, if, in addition to his silence, he shows by his acts and utterances that he lays no claim to the property sold as part of the assets of a succession to which the property belonged. His attorney had agreed to receive the taxes and penalty for nonpayment. The agreement was not consummated. It goes, none the less, toward proving that the adjudicatee at tax sale made no claim to the property, and after his death his heir is equally as concluded.

(Syllabus by the Judge.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by Mrs. Jean Marie Lafferranderie against P. A. Capdau. Judgment for defendant, and plaintiff appeals. Affirmed.

Armand Romain and William Winans Wall, for appellant. Walter Louis Gleason, Emile Pomés, and Robert Legier (Hughes & Favrot, of counsel), for appellee P. A. Capdau. Charles Louque, for appellee succession of Francois Lacroix.

BREAUX, C. J. This was a suit by plaintiff to be placed in possession of certain real estate situated in New Orleans, and a suit coupled with an injunction, brought by defendant, staying proceedings for the possession for which plaintiff sued.

From a judgment in favor of defendant, P. A. Capdau, the plaintiff, Mrs. Lafferranderie, prosecutes this appeal.

A sufficient statement of facts and a fair summary of the issues are as follows:

Mrs. Lafferranderie was recognized as the sole heir of her son, Louis Lafferranderie, deceased, and was placed in possession of his property, but she was not placed in possession of the property involved in this suit, which Louis Lafferranderie had purchased from the state tax collector of the Third District of said city at a sale thereof by him, said tax collector, made on July 9, 1897, for the delinquent state taxes of the year 1896.

The reason for this not going into possession we will refer to later in our opinion.

The tax deed above referred to is the deed under which she (Mrs. Lafferranderie) claimed the right to possession.

It contains the recital of the tax collector relative to the asserted notice he served on Sinteff, who was, plaintiff contends, the owner.

On the trial of the case plaintiff, Mrs. Lafferranderie, through counsel, offered to prove the circumstances connected with the notice in question. The answer of the witness, offered to prove notice, was objected to on the ground that no evidence was admissible for the purpose of contradicting the written declarations contained in the deed.

The court held as follows, viz.:

"If it is for the purpose of showing that two notices were served, one on Sinteff and one on the party now claiming to be the owner, I would not consider that as an attempt to contradict the act of sale referred to; but if it is for the purpose of showing that there was but one notice served, and that the notice, which, according to that act, appears to have been served on Sinteff, was really served on the administrator of the succession of Lacroix, I think the objection is well founded."

The witness was not permitted to testify.

Both plaintiff and defendant trace their claim to title back to the succession of Francois Lacroix, whose title was not disputed.

Capdau, the defendant, sets out that he bought it at public sale made in the course of the settlement of the succession of Lacroix on the 14th day of September, 1899, which was duly recorded. The deed sustains the averment made, and the evidence further shows neither that Mrs. Lafferranderie, the plaintiff, nor her late son, has ever been in possession of the property; while, on the other hand, defendant, Capdau, has been in possession since the day he bought the property.

This defendant, Capdau, in the petition for an injunction, attacks the tax sale which plaintiff, Mrs. Lafferranderie, sets up to his property on various grounds, such as that

the legal notices required were not served; and in the alternative he pleads estoppel arising from Louis Lafferranderie's (purchaser at tax sale, and his successor in title, Mrs. Lafferranderie's) failure to assert any title to the property prior to plaintiff's, Mrs. Lafferranderie's, suit for possession. He sets out that they, plaintiff and her son, allowed him for more than five years to remain in possession, and to pay the taxes due on the property. He avers that the notary's certificate showed that the property was unincumbered, and that his deed contains the notary's clause of its nonalienation by his vendor, the succession of Francois Lacroix.

With reference to the title under which plaintiff claims, it appears from the record that Sinteff became adjudicatee of the property at a prior tax sale, made in May, 1892, and that a second tax sale was effected in the year 1897 for taxes of the year 1896, claimed as due by Sinteff. This is the tax sale to which we have before referred, and at which Louis Lafferranderie became the purchaser.

Defendant's vendor, called in warranty by him, joins in the defense.

True, as contended by plaintiff, a tax deed is prima facie valid, but notice is necessary to its validity. Where no notice has been given, the court will not infer that such a notice was given from the fact that the tax deed recites that notice was given prior to the sale, where the record discloses that there were two parties—one whose title deed had been previously annulled by the court; and the other, the defendant, who held under a regular deed, and who was in possession.

To here particularize, Sinteff, who held from Bilgery, whose tax title had been decreed null, prior to the tax proceeding for the sale of the property was notified, but the succession of Francois Lacroix was in possession, and had been for years. It held valid title. None the less it was not notified before proceeding to advertise and the sale of the property for taxes.

The tax notice required by article 210 of the Constitution of 1879 must be served on the real owner at the time that proceedings are taken for the tax sale.

This court said in Genella v. Vincent, 50 La. Ann. 966, 24 South. 694:

"Notice of assessments as having been made is something other than notice of delinquency and of an intention of selling the property assessed on failure to pay the taxes within a specified fixed period. They are distinct matters touching different steps in the enforcement of taxes; the latter notice being of much greater importance than the former."

The notice here of "much greater importance" was not served on the owner in possession at any time prior to notice of delinquency and of intended advertisement and sale of the property.

This view was affirmed in several decisions, notably in the case of Adolph v. Richardson, 52 La. Ann. 1159, 27 South. 665.

There is no evidence in the case before us for decision of service of notice of "delinquency," as before stated, and it is not suggested that the case should be remanded to admit testimony upon the subject.

The general objection of counsel for plaintiff is scarcely sufficient as to form to justify us in remanding the case. The argument by plaintiff's counsel is that the tax deed was prima facie valid, "and in the absence of a denial under oath it will be presumed that the proper notice was given to the right person."

There was a special denial of notice. The absence of an oath was not a fatal deficiency in the pleading. We take it that this objection was urged on appeal only, and, besides, the oath was not required in order to raise the issue. Allegation of want of notice sufficed.

The tax deed is not valid in the presence of the allegation of its invalidity and the statement in the deed which does not set out

that notice was ever served on defendant's predecessor in title.

The following are the facts before us, as relates to this notice. We extract from the tax deed:

"And said tax collector further declared that one of said notices, correct in form and substance, was duly and legally served on the delinquent taxpayer hereinafter named or left at his residence or place of business, * * * to pay the unpaid taxes on said property, due the state of Louisiana for the year 1896, said property having been duly assessed in the name of *John J. Sinteff for the said year of 1896, as per procès verbal of said tax collector hereunto annexed.*" (Italics ours.)

The deed cannot be in any manner construed as showing that the notice was served on the actual owner, in view of the recital that it was served on Sinteff, who was not the owner at the date of the proceeding which resulted in a tax sale. Before this sale was made, Sinteff's tax title had been decreed null.

Learned counsel for plaintiff cite Geddes v. Cunningham, 104 La. 313, 29 South. 141, to sustain their position. On the point we are considering this decision supports our conclusion, for it is therein held, as relates to the necessity of notice to the actual owner:

"In the matter of notice which must precede a sale for taxes, however, the Constitution has spoken, requiring such notice to be given to the owner at the time; and it is no answer to the charge that this has not been done to say that the notice was given as the assessment was made."

We are brought to the question, in the second place, whether the claimant, Mrs. Lafferranderie, is concluded by her conduct and by the words and acts of her son favorable to a return of the property to the owner, the succession of Francois Lacroix. We think she is thereby concluded, and our reason for such thinking is as follows: Louis Lafferranderie, years before he died, mentioned to his attorney that he held a tax title to the property in controversy. He said that he knew that it was property of the succession of Lacroix. At his instance the attorney called upon the administrator of the succession, and it was agreed that the administrator would redeem the property on paying a sum of about $30, being taxes and penalty.

It was not shown that the redemption was ever signed, but the agreement remained. It never was revoked. The offer of Louis Lafferranderie, through counsel, to the administrator, was accepted, but it never was reduced to writing. The family knew, while the son was living, that defendant was the owner. He (the late son) knew that the property was offered for sale as belonging to the succession of Francois Lacroix, and that Capdau bought it at that sale. He met defendant a number of times after the sale. He went on the property, and never intimated to defendant, Capdau, that he had any claim on the property.

A person who buys property against which there are no recorded claims against his vendor, who remains undisturbed for a number of years, pays the taxes thereon, and is openly in possession, cannot well be divested of his ownership by the holder of a tax title or his heir, acquired from a tax debtor who does not seem ever to have gone into possession under a tax title, which, when produced in court, has every appearance of invalidity.

The property years ago was placed in the name of Sinteff (under this illegal tax title) by the defendant Bilgery. See Cucullu v. Bilgery, 48 La. Ann. 1245, 20 South. 662; Parker v. Bilgery, 47 La. Ann. 1348, 17 South. 846. After this transfer, Sinteff was made a party defendant to the suit, and against both in said case the invalidity of the title was decreed. It is this asserted title, pronounced null and void, to which the adjudicatee at tax sale, Louis Lafferranderie, declined to lay claim, but, on the contrary, agreed to relinquish all claims for the sum before mentioned, which was fixed upon as the amount to which he was entitled for taxes he had paid and the penalty. Louis Lafferranderie's silence regarding the claim now pleaded on the

day of the offering for sale was sufficient to lead the buyer to believe—who bought under advice of his attorney, who had examined the title—that he was buying a title free of all claims; and the subsequent continued silence of the asserted owner was sufficient to confirm him in the belief that he was annually paying taxes on his own property, and that he held it under good valid title.

We think the case was properly decided in the district court.

For reasons assigned, we affirm the judgment of the district court.