March 21, 1910.

---

## No. 4885.

### (Court of Appeal, Parish of Orleans.)

### PETER JOHNSON vs. PONTCHARTRAIN LAND COMPANY, LIMITED.

Dinkelspiel, Hart & Davey for plaintiff and appellant.

Lapeyre, Monroe and Breazeale for defendant and appellee.

DUFOUR, J.—The plaintiff, a purchaser from the State in 1902 under Act 80 of 1888, of certain real estate adju-

dicated to her at tax sale in 1884 for taxes of 1882, prayed for a writ of seizure and possession.

The Pontchartrain Land Company acquired from Griffith, a tax purchaser from the State under Act 82 of 1884. From 1891 to the present time the property was assessed to and the taxes were paid by the Pontchartrain Land Company which has been in continuous possession since.

When the present suit was sued out the defendant enjoined its execution on the ground that the suit was a petitory actino against one in possession in which the plaintiff must recover on the strength of his own title and not the weakness of his adversary's.

The contention is well founded.

In **Gulf States Co. vs. Wade, 51 An. 259**, in speaking of a writ of possession, the Supreme Court said:

> "This particular proceeding was initiated by a demand for possession of the property but the action affirmed is clearly a petitory one, directed against the party in possession. * * * Plaintiff demands possession, based upon the asserted title. * * * He, like any other plaintiff in a petitory action, must rely upon the strength of his own title, not upon the weakness of that of his adversary."

It is shown that, at the time of the sale to the State in 1884, Diecheborger, in whose name the assessment stood, and on whom notice was served according to the deed, had been dead for some time. This, under the Constitution of 1879, made the tax title intrinsically null, and the State, having nothing, could transfer nothing to Johnson. **(114 La. 6.)**

In **Frazer vs. Weckerling, No. 4477** of our docket, we used the following language which is applicable to this case:

> "Where, after a tax sale to herself, the State, through her officers, continues to assess the property to the former owners and to collect taxes from them, she is estopped from availing herself of prescription in her favor and against such former owners."

Plaintiff urges that, as the property was sold to the State for a tax assessed against Griffith and not paid by him, his vendee is estopped to dispute the correctness of the assessment.

The defendant is not attacking the assessment upon which the tax was levied, he is attacking the title because of want of notice. But, even were it otherwise there is no plea of estoppel filed as required by jurisprudence, and the matter cannot be considered when presented in argument only.

### Wood vs. Nicholls, 33 An. 748; 11 La. 686.

In reply to the technical objections made to the timeliness of the injunction bond we may say that we consider ourselves bound by the following order signed by the Judge:

> "The foregoing petition, affidavit and bond considered, let the writ of injunction issue as herein prayed for and according to law."

The judgment perpetuating the injunction restraining plaintiff from disturbing defendant's possession is correct.

Judgment affirmed.

January 24, 1910.

Rehearing refused March 21, 1910.

### On Rehearing.

DUFOUR, J.—It is urged that we were in error in

holding that the plea of estoppel should have been specially set up in order to avail plaintiff; in so holding we followed **11 La. 686.**

Our attention is now called to the recent decision of the Supreme Court, handed down one week after our decision, in **Parish Board vs. Alexander,** in which the earlier doctrine is modified by the following language:

> "As the Code of Practice does not permit replications, it is not necessary for plaintiff to plead estoppel in avoidance of defences set forth in the answer."

We must, therefore, withdraw our statement as to estoppel so far as application of the doctrine is made to a plaintiff circumstanced like the one at bar.

But this does not, in our opinion, affect the correctness of our conclusion.

We said originally:

> "The defendant is not attacking the assessment upon which the tax was levied, he is attacking the title because of want of notice."

We reiterate that view and adhere to our opinion.

In reference to the claim in the brief for reimbursement of taxes, we may say that the petition does not pray for them, and that the decree does nothing more than protect defendant's possession.

Rehearing refused.

March 21, 1910.

Writ denied by Supreme Court April 26, 1910.