————o————

## No. 6258.

## IN RE. LAND DEVELOPMENT COMPANY OF LOUISIANA, LIMITED, PRAYING FOR POSSESSION.

### Syllabus.

The notice required by the Constitution must be served upon the delinquent tax debtor in the manner required by law as an essential condition to the validity of a tax sale.

The notice by advertisement in the name of the person assessed will be invalid if the assessment was made in the name of a person who never was the owner of the property.

A judgment annulling a tax sale has no effect until the purchaser is reimbursed the price and all taxes paid by him with interest as provided by the Constitution.

Appeal from the Civil District 'Court for the Parish of Orleans, Division "D," No. 95,919. Honorable Porter Parker, Judge.

Theodore Cotonio, for plaintiff and appellee.

Sullivan, Landry & Gidiere, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

In January, 1911, plaintiff obtained an order for a writ of possession of a certain lot of ground it purchased at a sale made January 4th, 1910, by the 'City of New Orleans for the tax of 1907, assessed in the name of "Mrs. Catherine Logan Fields," said lot being situated on Washington Avenue in the square bounded by Sixth, Howard and Freret Streets.

William J. Irwin, a resident of Ohio, enjoined the execution of the writ, alleging:

That he is the owner of one individual third of the lot claimed by the plaintiff; that he purchased said property with Stephen E. Irwin and Frank F. Conkling from May Field, wife of James B. Craven, by act dated June 24th, 1907, registered in the Conveyance Office on June 26th, 1907.

That May Field, wife of James B. Craven, had acquired from the Succession of Mrs. Mary F. Field by act dated Sep. 6, 1904, duly registered; that the tax sale under which plaintiff claims is null for the reason that the sale was not preceded with a notice to him, "Irwin," as required by law.

That said property was assessed for the year 1907 in the name of "Mrs. Catherine Logan Fields" long before he acquired the property; that said property was assessed in his name for the years 1908, 1909 and 1910, and the tax for said years was paid by him to the City, and that he and his co-proprietors have always been in the actual corporeal possession of said property since the date of their purchase; that the City of New Orleans was aware at the time of said sale (1910) that he was the owner of said property because the same had been assessed to him for the years 1908, 1909 and 1910 and the taxes for said years were paid to it; that no attempt was made by the city to notify him of the intended sale for the taxes of 1907. He prays that the injunction be made perpetual and that the sale made by the city be declared null and void.

Plaintiff answered, averring that the assessment of the property was legal, and that notice had been given in the manner required by law, and that the sale was valid.

There was judgment in favor of the Land Development Company dissolving the injunction and dismissing the petition of Wm. J. Irwin at his cost, and he has appealed.

In this Court the plaintiff appellee moves to dismiss the appeal on the ground that appellant has failed to bring up in the transcript "documents produced by the witness Kuebel and offered in evidence by appellant."

These documents are copies of the stub of the tax notice book in the City Treasurer's Office and of two acts of sale. We find them all three in the transcript, and the motion to dismiss is therefore denied.

The evidence shows that this property was assessed for the year 1907 in the name of "Mrs. Catherine Logan Fields," and for the year 1909 and subsequent years in

the name of "Wm. J. Irwin." Said Irwin and his co-proprietors were engaged in the business of contractors in the City of New Orleans from 1904 to 1909; after buying the lot in controversy and several others adjoining, all under one enclosure, they built thereon a double cottage fronting on Washington Avenue, a small house in the rear used as an office, a stable, a feedroom, and a building used as a tool room; the defendant occupied the cottage, No. 2422 Washington Avenue as a residence until he and his partners left New Orleans in the early part of 1909 to go to Ohio where they have lived ever since; they then rented out the cottage and left Joseph R. Stiehl in charge of the property to collect the rents and pay the taxes; that Irwin Brothers had an office in said premises and that Stiehl represented them there and received there the mail which was addressed to Irwin Brothers and collected the bills due to them; that Irwin Brothers never had ceased receiving mail in their office even up to the present time; that any mail that comes to the city for them is delivered there, and that the office bears the No. 2422 Washington Avenue; that Stiehl never received any notice for the city tax of 1907; that he paid the city taxes for the years 1908, 1909, 1910, 1911 and 1912; that the sheriff served the writ of possession on "J. R. Stiehl their agent in person" and notice to vacate upon the occupants of the premises, Magdalena Reiman and Chris Hyland.

The stub of the tax notice which forms the basis of plaintiff's title shows that the notice was addressed to "Mrs. Catherine Logan Fields." Upon the face of the stub are the following pencil memoranda made by some clerk in the employ of the city; 2424 Washington Avenue, between Howard and Freret—William J. Irwin, P. O. Unknown. The letters "P. O." are an abbreviation for

"Present Owner;" and "unknown" indicates that neither the party assessed nor the present owner could be found upon whom service could be made.

It does not appear that said notice was served upon any one. The presumption arises that it was not served, since the property was classed among the unknown, and notice given by publication in the manner provided for unknown owners. Nor was any return of any kind made stating either that any attempt had been made to serve the notice in any of the modes provided by law, nor why it was not served, unless we assume that the word "unknown" indicated that the owners could not be found. Yet the pencil memoranda disclosed that the lot had been located as No. 2424 Washington Avenue, and that the present owner was Wm. J. Irwin.

It is admitted that the only notice by the city was that provided for unknown owners, that is, by advertisement, addressed to Mrs. Catherine Logan Fields.

We have come to the conclusion that this notice by advertisement was not sufficient under the facts and the law of this case and that even if a notice by publication had been sufficient that the one given in this case was not valid.

1st. Article 233 of the Constitution of 1898 provides for notice to the delinquent before his property can be sold for taxes, and the jurisprudence of the State has made legal notice essential to the validity of a tax sale.

**43 A., 426, 984; 114 La., 6.**

Section 50 of Act 170 of 1898, p. 346 (370) provides that the tax collector shall address to each tax payer who has not paid his tax a written or printed notice that his taxes must be paid or that his property will be sold.

Section 52 provides how this notice shall be served.

· In the Parish of Orleans, the tax collector shall deliver. the notice to each tax payer in person or shall leave it at his residence or "place of business," and shall make a return in writing of the mode of service.

We are of the opinion that the notice should have been served at "the place of business" of Wm. J. Irwin, No. 2422 or 2424 Washington Avenue, where he had a personal representative, where he received his mail, and where the business he did in this city, however small, was conducted. An inquiry of Stiehl, his representative, who had his office on the premises, or of the tenants who occupied the premises and paid their rent to Stiehl, would have informed the tax collector where and upon whom to make his service.

**45 A., 574; 43 A., 884.**

The sheriff found no impossibility to serve Wm. J. Irwin, in this suit.

The city had notice that Wm. J. Irwin was the owner of the lot both by the registry of the act of sale, by the assessment of the property in his name for the year 1909, and by the pencil memorandum on the stub of the notice above referred to. A notice served upon his representative at his known place of business would have been the mode of service prescribed by law, and in all probability would have brought about the payment of the tax.

2nd. The notice required by the Constitution must be served upon the party who is the owner at the date of service.

**114 La., 6; 52 A., 1156.**

No other person has any interest to be notified.

The notice by advertisement in this case was addressed to "Catherine Logan Fields." It does not appear that

she ever was the owner of the property or was interested in it. Wm. J. Irwin purchased it in 1907 from May Field, wife of James B. Craven, and she had purchased from Mary F. Field in 1904. It must be borne in mind that this advertisement was intended to be a notice to ''Wm. J. Irwin'' that he was delinquent and that his property was about to be sold for taxes. An advertisement in the name of ''Mrs. Catherine Logan Fields'' was certainly not calculated to notify him that he was delinquent. not even that his author ''Mary Field 'Craven'' was.

An advertisement in the name of a person who never was the owner, would serve no useful purpose, and would be a mockery of the requirements of the Constitution. This Court has so decided in the case of **Stubbs vs. Nylka Land Co., No. 5890**, and we affirm the opinion. See authorities below.

It is therefore ordered that the judgment appealed from be reversed and annulled in so far as Wm. J. Irwin is concerned; and it is now ordered, adjudged and decreed that the sale made by the City of New Orleans to the Land Development 'Company of Louisiana on January 4th, 1910, of lot No. 20 situated on Washington Avenue in the square No. 340, bounded by said Street, and Sixth, Howard and Freret Streets for taxes of 1907, assessed in the name of Mrs. Catherine Logan Fields as appears by an act of Robert Legier, notary, dated January 12,, 1910, be annulled and set aside, as far as one undivided third of said lot is concerned, on the following conditions; that this judgment shall have no effect until one-third of the price and all taxes and costs paid with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payments, be previously paid to the said Land Development Company of Louisiana; and the said William J. Irwin is granted a delay of thirty days

— 153 —

from the date this decree becomes final within which to make said payments in default whereof the said Land Development Company shall be entitled to the writ of possession herein prayed for and to hold and enjoy possession of said lot until said price and taxes are paid as hereinabove provided. It is further ordered that plaintiff pays the cost of both Courts.

Opinion and decree, February 17th, 1915.

Rehearing refused, March 16th, 1915.

Authorities:

> 13 La., 205; 29 A., 508; 30 A., 175, 871; 32 A., 912, 924; 10 A., 13, 771; 9 A., 67; 14 A., 209; 28 A., 17, 537; 33 A., 296, 527; 30 A., 1272; 34 A., 107; 48 A., 984 (988), 883; 50 A., 956 (965); 52 A., 1159; 106 La., 234; 112 La., 1075 (1079); 118 La., 595.