## No. 701.

ELIZABETH EDWARDS AND HUSBAND vs. M. A. EDWARDS, ADMINISTRATOR, ET AL.

| | |
|---|---|
| 29 | 597 |
| 45 | 483 |
| 29 | 597 |
| 107 | 147 |
| 29 | 597 |
| 111 | 72 |
| 29 | 597 |
| 124 | 594 |

Where the matter in dispute is over five hundred dollars this court has jurisdiction.

The sufficiency of a surety on an appeal bond will not be considered here when not put at issue, or passed on in the court below.

In a suit to annul a judgment, brought within a year from the date of the judgment, the judgment can not be pleaded as *res adjudicata*.

An attorney at law has no authority, unless specially empowered by his client, to confess judgment for the latter.

A confession of judgment by a married woman, which condemns her to pay her husband's debt, is null and void.

Parol evidence is admissible to show that property seized at the suit of a community creditor belongs to the wife.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Parsons, J.*

*Cobb & Gunby*, for plaintiff and appellant.

*Garrett & Garrett*, for defendants.

The opinion of the court was delivered by

SPENCER, J. On the fourth of November, 1873, M. A. Edwards, administratrix of D. L. Edwards, obtained, by confession, judgment in the

parish court against W. S. Stutson, plaintiff's husband, for some $220 on his note dated December 1, 1870. On the twenty-eighth of March, 1871, M. T. Edwards and wife sold, by notarial act, to their daughter, the plaintiff, the eighty acres of land in controversy in this suit, stating the price to be $1000 cash received. On the twenty-third of November, 1871, said plaintiff, Elizabeth Stutson, by notarial act, acknowledged to have received from her father and mother $1500 in cash as an advance on her inheritance.

M. T. Edwards and wife had eight children, four majors and four minors. About the same dates as above they made to each of the three other majors (of whom D. L. Edwards was one) similar acts of sale of land, and took from each of them similar notarial receipts. They also sold and transferred to their minor children property of equal value.

M. T. Edwards died in 1872, and his widow, Adeline Edwards, qualified as tutrix of the minors.

In January, 1875, M. A. Edwards, administratrix, issued a *fieri facias* against W. S. Stutson, on said parish-court judgment, and caused the eighty acres of land so conveyed by the father and mother to plaintiff to be seized as community property.

A suit was thereupon brought in the name of the plaintiff in the district court of Ouachita, claiming the land as her paraphernal property, and enjoining its sale for the husband's debt. The affidavit for injunction was made by Stutson, the husband, as agent of his wife, the plaintiff, and the petition was signed by Stubbs & Stone, attorneys. On the sixteenth of March, 1875, the attorneys for plaintiff and the attorney for defendants in that injunction suit (which was numbered 1216) made an agreement whereby it was stipulated that the case would be continued by consent until the September term following, on the condition that if Stutson shall on or before that time pay the amount of the enjoined judgment, then said injunction suit to be discontinued at plaintiff's costs, otherwise, " there shall be judgment therein dissolving the injunction at plaintiff's costs," and directing the sheriff to proceed with the sale of the property, the sale not to be made before the first Saturday of January, 1876. On the fourteenth of September, 1875, this agreement was filed in the cause, and on the eighteenth judgment was entered up according to its stipulations, dissolving the injunction without damages, and staying the sale till the time agreed upon. The land was thereupon again advertised for sale on the fifth of February, 1876, and part of it adjudicated to one Wood, said to be the father of defendant, M. A. Edwards, the remainder not sold for want of bidders. On the fifteenth of February, 1876, this present suit was brought, reciting in substance the above facts, praying the nullity of said judgment of the eighteenth of September, 1875, also the nullity of the sale to Wood, and to be decreed owner of the

property as paraphernal, and to enjoin its sale for the husband's debts, etc.

The defendant first pleaded in defense the judgment in said suit, 1216, as *res adjudicata*, which was by the then judge overruled. Defendant then answered, reiterating the plea of *res adjudicata*, and claiming that the property, having been bought after marriage, by the wife, was community property. The case was tried at the May term, 1877, and the judge then presiding rendered judgment for defendant, sustaining the plea of *res judicata*, dissolving the injunction, and directing the sheriff to proceed to sell under the *fi. fa.* against the husband.

Plaintiff appeals. There is a motion to dismiss the appeal on two grounds : first, because this court is without jurisdiction *ratione materiæ;* and, second, for insufficiency of the surety on the appeal bond.

The matter in dispute is the ownership of the land (which is clearly shown to be over five hundred dollars by the deed to plaintiff and the uncontradicted allegations of her petition under oath) and to validity of a judgment subjecting the same to the husband's debts, and to annul a sale of part of it. We clearly have jurisdiction. As to the sufficiency of the surety on the appeal bond, this court can not notice the objection, because it is a court of appellate jurisdiction only. No objection to the sufficiency of the surety *on the appeal bond was made, or tried,* in the court below. True, the same party was surety on the injunction bond, and a rule was taken to dissolve for insufficiency, but it does not seem to have been passed upon by the court below. The proofs taken on that rule would not enable us to say, if we had the right, whether the surety was good or bad at the time of the appeal.

The motion to dismiss is overruled.

On the merits, there are but two questions:

First—As to the validity of the judgment of the eighteenth of September, 1875, and as to its effect as the thing adjudged.

Second—As to the property being the separate paraphernal estate of the wife.

First—The judgment in suit No. 1216 was rendered on the eighteenth of September, 1875. This suit, to annul it, was instituted on the fifteenth of February, 1876, less than six months after its rendition. A judgment which is attacked by action of nullity within one year can not be pleaded as *res adjudicata* to the suit for nullity. Otherwise, the action of nullity would be a farce and a mockery, since the existence of the judgment attacked (which alone gives the right and the occasion to the action of nullity) would be itself a bar to proceedings to annul it. In other words, the same fact, to wit: *the existence* of the judgment, would be at one and the same time the *foundation* and *destruction* of a right of action.

We do not agree with defendant's counsel that plaintiff's remedy to avoid the said judgment was by appeal or motion for new trial. She did not know, perhaps, of its rendition until the time for new trial had elapsed, and the grounds of nullity alleged are matters *dehors* the record, and could not, therefore, be brought to the knowledge of the appellate court. Plaintiff attacks the judgment on the ground that the attorneys had no authority from her to consent to it, and acted without her knowledge or consent. This is fully proven by her oath, which defendant makes no effort to contradict. These attorneys were practitioners before the court trying the cause, and, we think, the fact that they were not called by defendant to prove their authority from her, and to contradict the plaintiff's oath, is strongly corroborative of its truth. We accept it as true.

Article 2997 of the Civil Code is too clear to require other citation of authority to establish the proposition that an attorney at law has not, *as such,* authority to confess a judgment "to acknowledge a debt" "to compromise or refer to arbitration," or "to make a transaction in matters of litigation."

Besides, it is the well settled jurisprudence of this State that a married woman can not, so as to bind her, or her property, confess a judgment for a debt of her husband or of the community. See 3 N. S. 498; 2 An. 3, 806; 12 An. 350; 14 An. 165; 15 An. 628. There is no dispute as to this debt being that of the husband and community. What the wife could not do herself, she could not authorize her attorneys to do for her. So, we are brought to the only remaining question, was the land seized in this case the paraphernal property of the wife and plaintiff?

The evidence shows, if admissible, that such was the fact, beyond any doubt whatever. In fact, the defendant does not even venture to contradict it, but relies solely upon the legal presumption resulting from the acquisition by the wife being made after her marriage, and upon technical objections to the evidence offered by her. Leaving aside the parol evidence in this case, the deeds and conveyances themselves, whereby these old people, M. T. Edwards and wife, conveyed to each of their children properties of equal value, and, subsequently, took their several receipts in authentic form, for equal amounts, as advances on their successions, leaves no shadow of doubt in our minds that the sale to Mrs. Stutson by her father and mother of the land in controversy was in fact a donation to her, as an advance, and that the receipt given by her a few months afterward to them for fifteen hundred dollars embraced the one thousand dollars stated as the price of the sale. The parol evidence offered fully proves these facts, and was properly admitted. Evidence going to show the connection between the act of sale and the subsequent receipt does not contradict either act. Plaintiff simply alleged and proved that the

sum stipulated as the price of the sale to her was in fact the same identical sum for which she gave her receipt.

The plaintiff prays for damages. Had she offered proof of their amount we should award them to her, for we are strongly impressed that the defendant, Mrs. M. A. Edwards, widow and administratrix of D. L. Edwards, plaintiff's brother, and himself a recipient and holder of property under the same terms and conditions as plaintiff, has acted in bad faith in this proceeding, and in knowing disregard of her sister's rights.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the plaintiff, Elizabeth Edwards, be declared owner in her own right of the land described in her petition in this case, and that the defendants be perpetually enjoined from disturbing her possession thereof; that the judgment of the eighteenth of September, 1875, in the suit No. 1216 on the docket of the district court of Ouachita parish, be annulled and avoided, and that the sale to William Wood by the sheriff, of date fifth of February, 1876, under execution, enjoined in said suit No. 1216, be and the same is annulled and rescinded. It is further ordered and decreed that defendants be condemned *in solido* to pay the costs of the court below and of this appeal.

Rehearing refused.