No. 709.

JOHN G. SANDERS vs. ADELINE EDWARDS, ADMINISTRATRIX.

When a motion for an appeal is made in open court, during the same term at which judgment is rendered, no citation of appellee is necessary.

The surety of an administratrix who fails to perform her duties as prescribed by law, has a right to be released from his bond.

APPEAL from the Parish Court of Ouachita parish.    *Slack*, J.

*Robert Ray*, for plaintiff and appellant.

*Cobb & Gunby*, for defendant.

The opinion of the court was delivered by

EGAN, J. This is a proceeding by John G. Sanders, surety on the bond, of Adeline Edwards, administratrix, to require the administratrix to give a new bond and release said Sanders, and in default, for her removal and the appointment of a new administrator, under articles 3069 and 3070, R. C. C.

The defendant's counsel moves to dismiss this appeal (which was taken by the surety from an adverse judgment in the court below), on two grounds :

First—The want of jurisdiction in this court *ratione materiæ;* and,

Second—Because the appeal was taken by motion in open court, and the defendant and appellee had made no appearance then, and never had any citation or notice of appeal as required by law.

Sanders vs. Adeline Edwards.

The court has jurisdiction. The amount of the bond from which the surety seeks release is one thousand dollars, and that of the succession over five hundred.

As to the want of citation or other notice of appeal, it was taken by motion in open court at the same term at which the judgment was rendered; and the order of appeal in the record states, besides, that defendant's counsel took cognizance of the appeal, being at the time present. This, however, was unnecessary when the appeal was taken by motion at the same term at which judgment was rendered. The law makes no distinction in this respect between judgments rendered by default and otherwise. See C. P., article 573.

The motion to dismiss is overruled.

On the merits, it appears that Moses T. Edwards died in 1872, and defendant, Adeline Edwards, his surviving wife, was appointed administratrix on the thirtieth of September of that year; that the succession amounted originally to over two thousand dollars; that the administratrix, under order of court, sold personal property for cash to pay debts to the amount of near five hundred dollars in January, 1873; that on the second of February, 1877, she applied for and obtained an order of court to sell for the payment of debts, and did accordingly sell a house and lot in Monroe for five hundred dollars. It was stated at bar, and not denied, that this sale was on twelve months time at the first offering. The record is, however, silent on this subject.

It appears further probable that the deceased left money at his death, though no amount is stated, and finally, that the administratrix, to use the language of the judge *a quo* in a statement of facts in the record, " has filed no account or exhibit of the succession funds." Under this state of facts, we think that the surety had a right to fear that the administratrix was so far mismanaging the succession that he was in danger of being injured thereby. The law directs how successions shall be administered, and it may well be considered that sureties on the bonds of administrators contract with a view to it. It is made the duty of the administratrix to file annual accounts and to apply for and obtain the orders of court to pay debts whenever there are funds in hand for that purpose. This the present defendant has not done, nor has she shown any reason for not doing so, although she had funds in hand derived from the sale of property, and perhaps otherwise, and when notified of the apprehensions and application of her surety she has not pretended to excuse or justify herself; and although nearly five years have elapsed since the opening of the succession, she has made no exhibit of its condition or of her dealings with it. We think this is a proper case for the relief contemplated by articles 3069 and 3070 of the Civil Code. If the defendant wishes to continue the administration she may do so by giving

new security. She can not deal so loosely and retain the old one against his will.

It is therefore ordered, adjudged, and decreed that the judgment appealed from, be annulled, avoided and reversed, that the defendant, Mrs. Adeline Edwards, give a new bond and security according to law for her faithful administration of the succession of Moses T. Edwards, deceased, and upon failure to do so within three days after the filing of the mandate in this case in the court below, that she be forthwith removed from the administration of said succession, and that the judge proceed at once to the appointment of a new administrator, who shall be required to give bond and security according to law; and thereupon, that is, upon the execution of new and sufficient bond according to law, either by the present administratrix or by a new administrator to be appointed as stated that the said John G. Sanders be relieved from any and all responsibility for any acts of maladministration of his principal from and after the date of execution and acceptance of said new bond. It is further ordered that the defendant, Mrs. Adeline Edwards, pay costs of both courts.