OVERTON, J.
 

 Mrs. Josephine R. Morrisey instituted, under the foregoing title, a petitory action against Paul J. Vazquez. The service of citation was domiciliary. In due course, a default was entered against defendant and was later confirmed. Vazquez, who claims that he was temporarily absent in Cuba when the suit was filed, appeared, after the confirmation of the default, for the first time, and filed an exception of no cause or right of action, and also a motion to vacate the confirmation of the default, coupled with
 
 *436
 
 an answer. No formal disposition seems to have been made of these pleas and defenses. A few days after they were filed, the judgment rendered confirming the default was signed.
 

 Shortly after those proceedings were had, Vazquez brought in the same suit in which the judgment was rendered an action to annul the judgment obtained, and to enjoin Mrs. Morrisey from ousting him from possession by executing the judgment. The cause of action alleged is that the judgment was obtained by fraud. Coupled with this cause of action are the defenses that .Vazquez desired to urge to the petitory action, and a prayer, which somewhat confuses the present action with the petitory action, to the effect that these defenses be sustained.
 

 The trial judge granted a rule to show cause why the injunction prayed for by Vazquez should not issue. As cause why the injunction should not issue, Mrs. Morrisey appeared and filed a plea of res judicata, basing the plea on the ground that the judgment attacked operates as res judicata against the proceeding to annul it. This plea was sustained by the trial judge, but only in so far as it was necessary to require plaintiff to bring a direct action of nullity.
 

 The plea of res judicata did not raise the question as to the form of the action. The trial court had no right to supply an exception to the form of the action, even assuming, which we do not so decide, that the action brought is not a direct action. As to the plea of res judicata, whatever defects, if any, the petition for nullity may contain, that plea is untenable. “A judgment, which is itself the object of attack in an action for its nullity, cannot be pleaded as the thing adjudged in bar of such action, if it is brought within a year from the rendition of the judgment attacked. Edwards’ Case, 29 La. Ann. 697.” Holbrook v. Holbrook, 32 La. Ann. 13; Lazarus v. McGuirk, 42 La. Ann. 194, 8 So. 253; Succession of Williams (No. 29,547) ante, p. 1, 121 So. 171. We therefore think that the plea of res judicata should be overruled. In overruling that plea we think, however, that we should not cut Mrs. Morrisey off from showing, if she can, why the injunction should not issue, by now ordering it to issue.
 

 For those reasons the, judgment under review is annulled and set aside, and judgment is now rendered overruling the plea of res judicata, and remanding this case to be proceeded with according to law.