O’NIELL, C. J.
 

 This is a suit to annul two judgments which were obtained by the defendant, widow of Leo Lirette, who died some time before the 13th of September, 1917. One of the judgments was rendered on that date, recognizing Mrs. Lirette to be the surviving partner in community with Leo Lirette, and, as such, entitled to half of the community property in full ownership and to the usufruct of the other half of the property. The other judgment complained of was rendered on the 15th of April, 1931, in a suit for a partition of the community property, brought by Mrs. Lirette and her children against the present plaintiffs and others. The plaintiffs in this suit are the grandchildren of the deceased, Leo Lirette, being the children of the only heir born of a previous marriage of Leo Lirette. The father of the plaintiffs died before his father died; hence the plaintiffs inherited from their grandfather by representation. Their complaint in this suit seems to refer particularly, if not entirely, to that part of the two judgments complained of which purports to allow the widow of Leo Lirette the usufruct of that part of the community property which was inherited by them, the plaintiffs; their contention being that she was entitled to the usufruct of only the share of the community estate inherited by her children. The plaintiffs allege that the error in the judgments complained of was an error of law, resulting from their ignorance of their rights. The suit seems to be founded upon the doctrine of Succession of Williams, 168 La. 1, 121 ¡So. 171.
 

 The defendants pleaded, first, the exception of misjoinder of parties defendant; second, res judicata; and, third, no cause of action. The district judge sustained the plea of res judicata, and dismissed the plaintiffs’ suit. They have appealed from the decision.
 

 Inasmuch as there is no other judgment referred to in the record, we assume that the plea of res judicata was founded upon either one or both of the judgments which the plaintiffs are attacking. In a suit to annul or to reform a judgment, a plea of res judicata cannot be based upon the judgment which is sought to be annulled or reformed. Edwards v. Edwards, 29 La. Ann. 597; Holbrook v. Holbrook, 32 La. Ann. 13; Heroman v. Louisiana Institute, 34 La. Ann. 805; Anderson v. Benham, 40 La. Ann. 336, 4 So. 454; Lazarus v. McGuirk, 42 La. Ann. 194, 8 So. 253; Succession of Williams, 168 La. 1, 121 So. 171.
 

 The judgment appealed from is annulled, the plea of res judicata is overruled, and the case is ordered remanded to the district court for further proceedings consistent with what we have «aid in this opinion. The costs of this appeal are to be borne by the defendants; the question of liability for all other court costs is to depend upon the final disposition of the suit.