154 So.2d 480 (1963)
STATE of Louisiana ex rel. Anthony J. SUNSERI, Plaintiff-Appellant,
v.
Emile J. THOMAN et al., Defendant-Appellee.
No. 5850.
Court of Appeal of Louisiana, First Circuit.
May 3, 1963.
Rehearing Denied July 1, 1963.
*481 Guy L. Deano, Jr., New Orleans, for appellant.
Barranger, Barranger & Jones by Dalton J. Barranger, Covington, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
ELLIS, Judge.
In April 1958 Anthony J. Sunseri brought a mandamus suit against Emile J. Thoman alleging that a certain mortgage note dated October 30, 1951 had prescribed and seeking a cancellation of the mortgage. The trial court rendered judgment for the plaintiff and the defendant appealed. On appeal, this court determined that the defendant sustained the burden of proving the interruption of prescription by a partial payment made July 12, 1954, and, accordingly, reversed the trial court and gave a money judgment, which judgment also maintained defendant's special lien, privilege and mortgage. *482 That judgment is certainly final (Rehearing denied December 18, 1961. Writs denied February 2, 1962) and that case is fully reported at 135 So.2d 791. While that appeal was pending in this Court the defendant died and his wife was substituted as the party defendant as the universal legatee of defendant's estate.
On April 12, 1962, a writ of seizure was issued and on April 23, 1962, Anthony J. Sunseri filed this suit. The object of this suit is to annul the legal effect of the earlier judgment of the Court of Appeal and to enjoin the enforcement of that judgment. Although plaintiff's petition is styled one to annul the judgment of the Court of Appeal and for an injunction when considered in the light of the specific allegations and prayer it is one for injunctive relief from the enforcement of the judgment of this Court by virtue of the alleged payment of the debt during the pendency of the appeal to this court.
Based upon the allegations of the petition the plaintiff obtained a temporary restraining order and a rule to show cause why a preliminary injunction should not issue. The defendant filed exceptions of res judicata, no right and no cause of action to plaintiff's petition, and a separate petition for a rule to dissolve the temporary restraining order and for damages. In this petition defendant alleged that:
"* * * plaintiff has no right of action and his petition does not state a cause of action.

* * * * * *
"That this Honorable Court has no power or authority and no jurisdiction to enjoin the enforcement of a final judgment of the Court of Appeal, except as to payment, compensation or confusion occurring after the rendition of the judgment of said Court of Appeal." (Emphasis added)
The matter was heard by the Lower Court on the exceptions to plaintiff's petition and on the rule by defendant to dissolve the temporary restraining order obtained by the plaintiff.
All exceptions were sustained by the trial judge who also heard testimony on behalf of the plaintiff and dismissed the latter's suit and sustained the motion to dissolve the temporary restraining order and awarded defendant attorneys fees. From such judgment the plaintiff has appealed.
In seeking to annul the legal effect of the judgment previously rendered by this Court the plaintiff has pleaded payment of the obligation and in support of that plea alleges in Articles 2 and 3 of the original petition as follows:
"That shortly after the death of Emile J. Thoman, Petitioner was called by Mr. Sam Bosco of Slidell, Louisiana, and requested to meet with Mr. Bosco and Mrs. Thoman at Mr. Bosco's place of business in Slidell, Louisiana.
"The next day Petitioner did meet with Mr. Bosco and Mrs. Thoman at Bosco's restaurant and petitioner was requested by Mrs. Thoman to assist her in identifying and recovering certain property of the succession which petitioner could identify, which property was later inventoried at over $18,000.00.
"Mrs. Thoman proposed to petitioner and agreed to return the promissory note now being executed in payment for the said services rendered by Anthony J. Sunseri to the Succession of Emile J. Thoman.
"That petitioner did locate and identify the property belonging to the succession and he then called upon Mr. Clem H. Sehrt, Attorney for the succession of Emile J. Thoman, on instruction of Mrs. Thoman to inform Mr. Sehrt of the agreement made with Mrs. Thoman.
"That Mr. Sehrt told petitioner that he did not have the note and same was not being listed in the inventory, but that Mr. Dalton J. Barranger controlled the said promissory note.

*483 "That petitioner has made numerous demands upon Mrs. Thoman requesting the said promissory note and Mrs. Thoman assured petitioner that she would instruct Mr. Barranger to return the said note to petitioner and abandon the appeal which had been taken in these proceedings."
It is well settled that in a suit to annul the legal effect of a prior judgment, such judgment cannot be successfully pled as res judicata to itself. Edwards v. Edwards, 29 La.Ann. 597; Holbrook v. Holbrook, 32 La.Ann. 13; Lirette v. Lirette, 176 La. 368, 145 So. 773; Cook v. Morgan, La.App., 142 So. 279; Morrisey v. Vazquez, 168 La. 433, 122 So. 281. Article 2286 of the LSA-Civil Code provides:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
It is apparent that the exception of res judicata is not well founded in the instant case. The object of the first suit was to show the mortgage note prescribed. The object of the instant suit is to declare the legal effect of the previous judgment null as having been satisfied and to enjoin its enforcement on the ground that the note had been paid after the trial of the first case. The allegations of fact advanced by the plaintiff have not been passed upon by this court and cannot be res judicata. The rule of law that a final judgment is res judicata as to all issues actually raised or which might have been raised is not applicable to the instant case.
In Porter v. Morere, 30 La.Ann. 230 the court sustained a plea of res judicata to a second injunction suit and we quote from that decision as follows:
"All the grounds for injunction set up in the second suit existed prior to the first, and some of them were specially pleaded in the first petition. A judgment between the same parties dissolving an injunction is a perpetual bar to subsequent contestation upon grounds that existed anterior to the suit in which the judgment of dissolution was rendered, and of which the plaintiff in injunction might have availed himself in the first instance."
To the same effect are Brooks v. Magee, 126 La. 388, 52 So. 551; Traina et al. v. Agricultural Credit Ass'n, Inc., 166 La. 230, 117 So. 130; Exchange National Bank v. Holoman Bros. et al., 177 La. 537, 148 So. 702.
In the instant case the facts alleged as grounds for satisfaction and payment of the debt which, if accepted as true, or proven, would nullify the legal effect of the judgment and for injunction were not available to the plaintiff at the time the initial suit was filed. The payment relied upon by the plaintiff occurred, if at all, while the suit was pending on appeal.
The defendant cites the cases of Waldauer v. Harris, 161 La. 10, 108 So. 107; McMichael v. Thomas, 164 La. 233, 113 So. 828; Cazabat v. Haspel, 33 La.Ann. 1470; Parker v. Bilgery, 47 La.Ann. 1348, 17 So. 846; and City of New Orleans v. Lakowsky, 158 La. 70, 103 So. 513 in support of his contention that in failing to raise the issue of payment while the first suit was on appeal, the first judgment is res judicata as to payment. While it is doubtless true that the issue could have been raised on appeal, we do not believe that plaintiff's failure to do so renders the matter res judicata. The defendant had the same right, and even a duty, accepting the allegations as true, and the plaintiff having made prima facia proof of the allegations of his petition as shown by the evidence, to dismiss the initial appeal and her failure to do so cannot be allowed to place her in a favorable *484 position. Plaintiff proved by disinterested witnesses the agreement by defendant in consideration of services to be rendered and which were rendered in pursuance of such agreement, to consider his indebtedness as paid and to return the plaintiff's note to him. There was no refutation by defendant of such testimony and she did not even take the witness stand and testify. Additionally, the evidence shows that plaintiff was told by defendant that an attorney in New Orleans had the note and he visited this attorney's office for the purpose of getting the note and was told by this attorney that the present attorney for defendant had the note. Plaintiff again saw defendant and she told him "that she'd get the note from Mr. Barranger, and that's the reason I didn't go see Mr. Barranger." The above testimony stands unrefuted. Defendant did not take the stand nor call any other witnesses in her behalf.
The authority to annul the legal effect of judgments is not restrictive. Hall v. Hall, La.App., 127 So.2d 347. In Succession of Gilmore, 157 La. 130, 102 So. 94 the court said:
"The courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when circumstances under which the judgment is rendered show the deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable. Our courts will follow the general principles of equity jurisprudence applied by the equity courts of the other states of this country in actions of this character."
Having determined that the matter of payment is not res judicata, we must next consider whether or not the trial judge was correct in sustaining the exception of no right and cause of action.
The plaintiff seeks injunctive relief as to the first judgment because of payment prior to its rendition by this Court. It is to this ground of nullity that the defendant filed the exception of no cause of action. Thus, the exception of no cause of action is actually a second exception of res judicata. We have already held in this opinion that the plaintiff's failure (as well as the defendant's failure) to raise the matter of payment in the appellate court cannot operate to make that res judicata. Thus, the defendant's exception of no cause of action is not well founded.
It is elementary that for purposes of determining the validity of an exception of no cause of action, the pleadings of the petition must be assumed to be true. The plaintiff has pleaded payment and certainly, the facts alleged, if they can be proven, would entitle the plaintiff to the injunctive relief he seeks.
Assuming that the plaintiff could produce a signed receipt for the entire balance due under the mortgage note, could this court deny to that plaintiff the right to have the enforcement of the judgment enjoined? We believe not. The situation at bar is different only in that the defendant disputes that payment has actually been made. However, plaintiff has alleged, and prima facie proven the allegations as to payment. Plaintiff had a right of action and has alleged a cause of action.
We believe that injunction is the proper remedy for the plaintiff to seek and that the language of Article 2298(2) of the LSA-Code of Civil Procedure is sufficiently broad to cover this situation.
For these reasons, the judgment of the trial court sustaining the exceptions of res judicata and of no right and no cause of action and the motion to dissolve the temporary restraining order is reversed and this case is remanded to the district court for trial on the merits, the defendant to pay the cost of the appeal and all other costs to await the final determination of this suit.
Reversed and remanded.