173 So.2d 356 (1965)
Josephine GRANT, Plaintiff-Appellant,
v.
SECURITIES FINANCE COMPANY, Inc., Defendant-Appellee.
No. 6314.
Court of Appeal of Louisiana, First Circuit.
March 8, 1965.
Kelton & Taylor, Baton Rouge, for appellant.
Ralph Brewer, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
ELLIS, Judge.
This case is before us on appeal from the ruling of the District Court maintaining exceptions of res judicata and no cause of action filed by the defendant, Securities Finance Co., Inc., hereinafter designated Securities. In determining the correctness of the ruling as to the former exception, we must be guided by Article 2286 of the LSA-Civil Code. In determining the correctness of the ruling as to the latter *357 exception, the plaintiff's allegations of fact will be considered true.
Plaintiff alleges that she is the widow of Johnny L. Grant and that she and her late husband were defendants in a prior suit, #85419, instituted by Securities Finance Company, Inc., on a note secured by a mortgage on movable and immovable property. A final default judgment was rendered in that case on January 16, 1962. The nullity of that judgment is urged on the grounds that the defendants there had not been given proper credit for payments made to Securities; that the defendants there were systematically defrauded by charges of interest upon interest under the guise of penalties; that the defendants there were led to believe by Securities that they were obligated to pay such penalties; and that all these acts were specifically done by Securities with the intent to defraud plaintiff. The plaintiff here further alleges that Securities knowingly and willfully failed and refused to give credit for all amounts paid and that the amount of the judgment rendered in proceeding # 85419 is greatly in excess of the amount actually owed. However, there is no allegation that Securities committed any act designed to prevent the Grants from defending the previous suit.
It appears from the plaintiff's petition that plaintiff and her late husband understood that a life insurance policy would be purchased by Securities on the life of Johnny L. Grant. Plaintiff alleges that she and her husband relied on the representation of Securities that a life insurance policy had been purchased but that evidently Securities had failed to do so.
In the prayer of her petition plaintiff indicates that the object of the instant suit is four-fold, that is, to declare the nullity of the default judgment rendered in proceeding #85419; to void the sheriff's sale held June 12, 1963; to recover damages, and to receive proper credit for the payments wrongfully credited to penalties.
Article 2286 of the LSA-Civil Code requires that in order to sustain a plea of res judicata the thing demanded, the cause of action and the parties must be the same. It is axiomatic that a judgment cannot be res judicata to a suit to annul it. See State ex rel. Sunseri v. Thoman, La.App., 154 So.2d 480, and cases cited therein.
Securities is actually contending, with reference to plaintiff's demands for nullity of the prior judgment, avoidance of the judicial sale, and for a proper accounting and crediting of amounts paid, that there is no cause of action for the reason that the so-called fraud in the instant suit should have been alleged as a defense to the prior suit before judgment therein. We find this to be correct.
All of the plaintiff's contentions of fraud, with the exception of the alleged fraudulently low appraisal, could have been and should have been advanced as a defense before the trial court in the prior suit.
The law on this subject is clearly set forth in the case of Dixson v. Carter, La.App., 138 So.2d 227, which contains the following language at page 229:
"Counsel for Carter cites the case of Lazarus v. McGuirk, 42 La.Ann. 194, 8 So. 253. This decision does not aid Carter's position in this case. That decision announced the general rule to be that a party will not be allowed to attack a judgment in order to permit any defenses that were known and open to him at the trial, and that there is an admitted exception to that general rule in cases where the successful party has practiced fraud or deception or has done something to prevent the other party from presenting fully his facts the other party would be entitled to his day in Court."
Quoting further, from page 230:
"In order to be entitled to apply the provisions of Art. 607 of the Code of *358 Practice, the defendant must be deprived of the knowledge of the existence of the defense relied on, or of the opportunity timely to present it, by some intentional artifice, deception, fraud or other ill practice on the part of the plaintiff."
See also Scruggs v. Butler, La.App., 104 So.2d 178, and cases therein cited.
There appears in the record no reason for plaintiff's failure to defend the prior suit. Therefore, we conclude that she cannot now defend it through an action for nullity based upon alleged defenses that should have been set forth in the original suit.
The judgment of the lower court is affirmed.
Affirmed.