AYRES, Judge.
In this action of nullity plaintiff attacks as null and void three certain judgments dated, respectively, November 9, 1951, April 8, 1952, and March 6, 1953, which directed and ordered the partitioning by lici-tation of certain immovable property in which plaintiff had an interest.
Personal service was had on plaintiff in each of the three suits, following which, in due course, the judgments were rendered and signed. Sales of the properties were made as the judgments decreed. Plaintiff herein, upon receipt of checks for her portions of the proceeds of the sales of the properties, returned the checks to the clerk of court with the explanation that she did not wish to sell her interest. This action followed about twenty years later.
To plaintiff’s action, defendants urged, among other exceptions, pleas of res judi-cata based upon the original judgments which formed the subject matter of plaintiff’s attack and the basis of her action of nullity. Upon trial, defendants’ pleas of res judicata were sustained and, accordingly, plaintiff’s action was dismissed with prejudice at her cost. From that judgment, plaintiff prosecutes this appeal.
On appeal, plaintiff contends that the pleas of res judicata were improperly sustained. That is the only issue before the court.
We are in accord with plaintiff’s contention for the reason that a plea of res *679 judicata is entirely inapplicable to the situation existing in the instant case. In a long line of cases beginning with Edwards v. Edwards, 29 La.Ann. 597 (1877), the courts of this State have consistently held that in a suit to annul the legal effect of a prior judgment, such judgment cannot be successfully urged as res judicata to itself. The court in the Edwards case (29 La.Ann. at 599) observed:
“ . . . Otherwise, the action of nullity would be a farce and a mockery, since the existence of the judgment attacked (which alone gives the right and the occasion to the action of nullity) would be itself a bar to proceedings to annul it. In other words, the same fact, to wit: the existence of the judgment, would be at one and the same time the foundation and destruction of a right of action.”
See, also:
Holbrook v. Holbrook, 32 La.Ann. 13 (1880);
Morrisey v. Vazquez, 168 La. 433, 122 So. 281 (1929);
Lirette v. Lirette, 176 La. 368, 145 So. 773 (1933);
Cook v. Morgan, 142 So. 279 (La.App., 2d Cir. 1932);
State ex rel. Sunseri v. Thoman, 154 So.2d 480 (La.App., 1st Cir. 1963);
Grant v. Securities Finance Company, 173 So.2d 356 (La.App., 1st Cir. 1965).
Thus, as pointed out in Grant v. Securities Finance Company, supra, “It is axiomatic that a judgment cannot be res judi-cata to a suit to annul it.” (173 So.2d at p. 357.)
For these reasons, we conclude the pleas of res judicata were erroneously sustained.
The judgment appealed is accordingly annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed that the pleas of res judicata be, and they are hereby, overruled; and that this cause be, and it is hereby, remanded to the Honorable, the Twenty-Sixth Judicial District Court in and for Webster Parish, Louisiana, for further proceedings consistent herewith and as provided by law.
Defendants-appellees are assessed with the cost of this appeal; the assessment of all other costs is to await final determination of this cause.
Reversed and remanded.