ELLIS, Judge.
On June 5, 1970, plaintiff Joseph H. Ma-chost was party to a merger agreement among Baton Rouge Disposal, Inc., Industrial Waste Disposal, Inc., Gulf Disposal Services, Inc., V. Stacey Shannon, Murray A. Decoteau and Harley Brown. He alleges that, pursuant thereto, he was to receive ten per cent of the stock in the “joint venture” resulting therefrom.
On June 12, 1972, he entered into a compromise agreement with the said parties by which he released his claims against them for a consideration of $6,000.00. Shortly thereafter, the three corporations above named were sold for a consideration alleged to be $2,000,000.00. This suit was filed to set aside the said compromise on various grounds, and asking for a money judgment of $200,000.00. We note that in the petition, the agreement to be rescinded is described as a “sale of stock”, but the evidence adduced, without objection, makes it clear that what is sought is the rescission of the compromise agreement.
Defendants herein, who are Mr. Shannon, Mr. Decoteau, and Mr. Brown, filed an exception of res judicata, based on the June 12, 1972, compromise settlement. After trial thereof, judgment was rendered sustaining the exception and dismissing plaintiff’s suit. Plaintiff has appealed.
In sustaining the exception, the district judge found that the validity of the compromise agreement was properly presented to the court by the exception, and that, *110 since the plaintiff failed to show that it was obtained through fraud or misrepresentation, it was res judicata of the issues presented. In so doing, he relied on expressions contained in Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3 Cir. 1967); Bowden v. State Farm Mutual Automobile Insurance Company, 150 So.2d 655 (La.App. 3 Cir. 1963); and Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961). All three of these cases are personal injury suits, in which an alleged compromise agreement was placed at issue by the filing of an exception of res judicata. In none of them was the validity of the compromise placed at issue in the petition as part of the merits of the'case. We find these cases distinguishable from this case on that ground alone.
In this court, plaintiff claims that the trial judge erred, because a compromise agreement cannot be urged as res judicata in a suit to annul it. He relies on a long line of authority to the effect that a judgment cannot be res judicata to a suit to annul it. Edwards v. Edwards, 29 La.Ann. 597 (1877); Powell v. Treat, 265 So.2d 678 (La.App. 2 Cir. 1972).
We think the plaintiff is correct. The heart of'the merits of this case is the validity of the compromise agreement. Under the provisions of Article 3078 of the Civil Code, a compromise or transaction has “between the interested parties, a force equal to the authority of things adjudged.” Our courts have held that a compromise is subject to the “same rules of pleading and practice .... when it is attacked upon the ground of nullity as would apply in a suit to annul a definitive judgment.” Chapin v. Federal Transportation Co., 70 So.2d 189 (La.App. 1 Cir. 1953).
We find that the rationale of the Edwards and Powell cases, supra, is applicable to the situation here presented, and that the plaintiff should not be forced to prove the invalidity of the instrument which he attacks as a condition precedent to a trial on the merits of the same point.
The judgment appealed from is therefore reversed, and there will be judgment herein overruling the exception of res judicata, and remanding the case to the trial court for further proceedings in accordance with law. All costs of this appeal are to be paid by defendants, and all other costs shall await final determination of the case on its merits.
Reversed and remanded.