408 So.2d 1186 (1982)
Ignacio C. VILLANUEVA, Jr.
v.
Angela Villanueva SCHWALL.
No. 12242.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1982.
Rehearing Denied February 19, 1982.
*1187 Reed & Reed, Bruce G. Reed, New Orleans, for plaintiff-appellant.
Satterlee, Mestayer & Freeman, A. D. Freeman, New Orleans, for defendant-appellee.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
CHEHARDY, Judge.
Plaintiffs Ignacio C. Villanueva, Jr., George L. Villanueva, Norma Villanueva Lumberg, Althea E. Villanueva, and Dolores Villanueva Turgeau appeal a district court judgment in favor of defendant Angela Villanueva, wife of Robert E. Schwall, maintaining the defendant's exception of res judicata and dismissing plaintiffs' suit at their costs.
Plaintiffs argue by brief that under Articles 115 and 116 of the Code of Practice (in effect at the time of the succession of the plaintiffs' father, which judgment they now seek to annul) the plaintiffs, who were minors at that time, were never properly made parties to the proceedings because an attorney was not appointed to represent them.
A review of those articles, however, reveals that the appointment of an attorney for defendants of a suit who are minors is only required "[i]f the minor * * * has no tutor * * *." 1870 Code of Practice art. 116.
The succession of the father of plaintiffs herein, which has been made part of the record in the present case, reveals the plaintiffs' mother was appointed tutrix of the minor defendants and subsequently answered the petition on their behalf. Accordingly, we find no merit to plaintiffs' argument in this regard in the present case, nor do we find the fact that the mother was appointed tutrix of these children, only after the suit was filed, ground for annulment of that judgment. A review of the relevant Code of Practice articles does not reveal that a tutrix or tutor must be appointed prior to the filing of any suit in order to dispense with the requirement of appointing an attorney to represent such minors.
In Paragraph 7 of the plaintiffs' supplemental and amending petition, they ask, alternatively, that the court "should annul the aforesaid Judgment rendered in the Succession of Ignacio C. Villanueva, Sr., to the end that your petitioners be duly recognized and sent and placed into possession of an undivided one-eighth (1/8) interest each in the property of the father." The prayer of the petition also asks that the court "annul the Judgment of possession previously rendered in the matter of the Succession of Ignacio C. Villanueva, Sr. * * *."
In the case of Powell v. Treat, 265 So.2d 678, 679 (La.App. 2d Cir. 1972), the court said:
"* * * In a long line of cases beginning with Edwards v. Edwards, 29 La. Ann. 597 (1877), the courts of this State have consistently held that in a suit to annul the legal effect of a prior judgment, such judgment cannot be successfully urged as res judicata to itself. The court in the Edwards case (29 La.Ann. at 599) observed:
`... Otherwise, the action of nullity would be a farce and a mockery, since the existence of the judgment attacked (which alone gives the right and the occasion to the action of nullity) would *1188 be itself a bar to proceedings to annul it. In other words, the same fact, to wit: the existence of the judgment, would be at one and the same time the foundation and destruction of a right of action.'
See, also:

Holbrook v. Holbrook, 32 La.Ann. 13 (1880);

Morrisey v. Vazquez, 168 La. 433, 122 So. 281 (1929);

Lirette v. Lirette, 176 La. 368, 145 So. 773 (1933);

Cook v. Morgan, 142 So. 279 (La.App., 2d Cir. 1932);

State ex rel. Sunseri v. Thoman, 154 So.2d 480 (La.App., 1st Cir. 1963);

Grant v. Securities Finance Company, 173 So.2d 356 (La.App., 1st Cir. 1965).
"Thus, as pointed out in Grant v. Securities Finance Company, supra, `It is axiomatic that a judgment cannot be res judicata to a suit to annul it.' (173 So.2d at p. 357.)"
For these reasons, therefore, the plea of res judicata was improperly sustained in the district court.
This court, however, has the authority to render any judgment which is just, legal and proper upon the record on appeal, regardless of whether a particular legal point or theory is made. LSA-C.C.P. art. 2164 and Givens v. Richland-Morris Agency, Inc., 369 So.2d 1184 (La.App. 2d Cir. 1979).
Plaintiffs argue in the present suit that they are capable of inheriting in the succession of their father which was filed in the district court on June 21, 1960, citing Succession of Brown, 388 So.2d 1151 (La. 1980). In Brown, the Supreme Court, relying on Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), declared LSA-C.C. art. 919 unconstitutional because it prohibits acknowledged natural children from inheriting intestate from their natural father when he had a surviving wife.
This court, however, expressly declared in Succession of Ross, 397 So.2d 830 (La.App. 4th Cir. 1981), at 830-831:
"In Lovell v. Lovell, 378 So.2d 418 (La. 1979), the Supreme Court addressed itself to the issue of when a decision which declares an article of the Louisiana Civil Code to be unconstitutional should be given retroactive effect and stated at pages 421-422:
`In determining whether or not our decision should be given retroactive effect, three factors should be considered: (1) the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective application will further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed. Chevron Oil Company v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).'
"The court in Lovell, upon consideration of these factors, concluded that its decision declaring LSA-C.C. art. 160 (as it read prior to the 1979 amendment making it gender-neutral) unconstitutional should not be applied retroactively. In the present case, the declaration of the unconstitutionality of LSA-C.C. art. 919 in Succession of Brown, supra, certainly establishes a new precedent of law in that an acknowledged illegitimate can now maintain intestate succession rights to his father's estate even if other relatives exist. Furthermore, a prior decision of the United States Supreme Court specifically held that LSA-C.C. art. 919 was constitutional, Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971). Certainly in the present case, as in Lovell, substantial inequity would result if all prior judgments of possession which relied on the substantive law of LSA-C.C. art. 919 were declared invalid, and such a holding would engender new litigation in each case where there had been such a *1189 justified reliance. As noted in Lovell, where such a decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the injustice or hardship by a holding of nonretroactivity. Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969).
"Accordingly, although the Supreme Court did not address itself to the issue of the retroactive application of its declaration of the unconstitutionality of LSA-C.C. art. 919 in Succession of Brown, supra, we hold that that declaration should only be applied prospectively from the September 3, 1980 decision."
The record reveals the judgment which is sought to be annulled by plaintiffs in the case entitled "Succession of Ignacio C. Villanueva," No. 56,982 on the docket of the Twenty-fourth Judicial District Court for the Parish of Jefferson, was rendered on June 29, 1960. Accordingly, the exception of no cause of action urged by the defendant in the present case at the trial court level should have been sustained. Succession of Ross, supra; LSA-C.C.P. art. 2164.
For the reasons assigned, therefore, the judgment of the district court dismissing the plaintiffs' suit at their costs is affirmed.
AFFIRMED.