420 So.2d 1342 (1982)
Judith Ann Hattaway ZEIGLER, Plaintiff & Appellee,
v.
Clyde W. ZEIGLER, Defendant & Appellant.
No. 82-154.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
*1343 Davis & Murchison, James D. Davis, Alexandria, for defendant and appellant.
Michael H. Wahlder, Alexandria, for plaintiff and appellee.
Before CULPEPPER, GUIDRY and LABORDE, JJ.
CULPEPPER, Judge.
The husband seeks to annul the prior judgment of partition of the community insofar as it awarded the wife a portion of the husband's military retirement pay. The trial court rejected the husband's demand. From that judgment, the husband appeals.

FACTS
The parties to this suit were married on October 6, 1962. They were judicially separated on September 22, 1978. Mrs. Zeigler subsequently filed suit for partition seeking a division of the community of acquets and gains formerly existing between the spouses. Judgment in that suit was signed July 16, 1979 ordering partition of the community property in accordance with law, and further rendering judgment in favor of Mrs. Zeigler and against Mr. Zeigler, ordering Mr. Zeigler to pay to his wife a monthly sum representing her interest in his military retirement pay. Mrs. Zeigler's community interest in the monthly pension was computed following the formula of Sims v. Sims, 358 So.2d 919 (La.1978). The defendant-appellant failed to apply for a new trial or to perfect an appeal.
On June 26, 1981, the United States Supreme Court rendered an opinion in the case of McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589, 1981 holding that federal law precludes a state court from dividing military nondisability retirement pay pursuant to state community property laws. Following this decision, Mr. Zeigler filed a pleading captioned "Petition To Modify Judgment," praying that that portion of the judgment condemning him to divide his military retirement benefits with his former wife be declared a nullity. After a hearing on the matter, the trial court rendered judgment dismissing the demands of Mr. Zeigler, who now appeals, contending that the trial court committed manifest error in dismissing his suit.

ALTERATION OF FINAL JUDGMENT
The trial court dismissed the petition on the grounds that a final judgment, even if erroneous in law, must stand, and that there were no allegations or proof of fraud or ill practices to serve as a basis for annulment of the previous judgment. See Fidelity & Casualty Company of N.Y. v. Clemmons, 198 So.2d 695 (La.App. 1st Cir.1967), writ denied 202 So.2d 649 (La.1967); Levy v. Stelly, 254 So.2d 665 (La.App. 4th Cir. 1971), writ denied 260 La. 504, 256 So.2d 289 (La.1971); LSA-C.C.P. article 2004. We affirm.
*1344 As the trial judge noted in his written reasons for judgment, in the absence of a timely application for a new trial, the trial court cannot alter the substance of its judgment after the delays for applying for a new trial. Moreover, no court can alter the substance of the judgment after the time for appeal has elapsed without an appeal having been taken. Mitchell v. Louisiana Power & Light Company, 380 So.2d 743 (La.App. 4th Cir.1980).
A final judgment may be modified pursuant to the authority of LSA-C.C.P. article 1951 which provides;
"Art. 1951. Amendment of judgment
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation."
This article allows amendment of the judgment only where that amendment takes nothing away from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978).
The prayer of the petition asked that that portion of the judgment condemning Clyde Zeigler to divide his military retirement benefits with his former wife be declared a nullity. The grounds for annulment of a final judgment are stated in LSA-C.C.P. articles 2002 and 2004 as follows:
"Art. 2002. Annulment for vices of form; time for action
A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
. . . ."
"Art. 2004. Annulment for vices of substance; peremption of action
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices."
None of the grounds for annulment of a judgment have been alleged or proven in the instant case. Furthermore, it is well settled that an action of nullity may not, by raising errors of law, serve as a substitute for an appeal. See Johnson v. Jones-Journet, 320 So.2d 533 (La.1975). Thus, there is no authority under which to nullify the judgment in question.
In his brief, appellant contends the effect of the trial court's decision is that the prior judgment is res judicata as to the instant suit. He then argues that the prior judgment is not res judicata to the present suit since the "cause" is not the same in the two suits.
Res judicata is not an issue in the present suit to annul a portion of the prior judgment of partition. No exception of res judicata was filed by the wife in the present proceedings, and under LSA-C.C.P. article 927 the objection of res judicata must be specially pleaded and cannot be noted by either the trial or appellate court of its own motion. Moreover, even if the wife had filed an exception of res judicata it would probably have been overruled. The jurisprudence is established that in a suit to annul a prior judgment, such judgment itself cannot be urged as res judicata to itself. Powell v. Treat, 265 So.2d 678 (La.App. 2d Cir.1972) and the cases cited therein.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.