CURRAULT, Judge.
This appeal arises from a judgment granting exceptions of no cause of action and res judicata. The exceptions were filed relative to a petition for rescission of a partition and nullity of judgment of judi *1010 cial sale filed by plaintiff, Joseph David Galway, against defendants, Doryl Duden-hefer, wife of/and Gerard Phelps. We reverse and remand.
Alvin Joseph Galway died on December 7, 1978. He was survived by a widow and Joseph David Galway, the adopted son of the deceased.
The succession of Alvin Joseph Galway was apparently opened on May 11, 1979 under the docket number 225-651 of the Twenty-Fourth Judicial District Court. At that time and for sometime thereafter, plaintiff was an absentee. Subsequently, the widow donated the sole piece of real estate to the defendants, Mr. and Mrs. Phelps. The Phelps thereafter obtained a judgment of partition and a sale by licitation of the property was held. Plaintiff’s share of the proceeds were not deposited into the registry of the court. During these proceedings plaintiff was represented by a curator ad hoc.
Gn April 17, 1984, plaintiff filed suit to rescind and/or nullify the judgments in the succession of his deceased father and the judgment of partition and sale which followed. In the petition, plaintiff alleges his status as sole heir of the deceased and incorporates the records of those proceedings. He asserts the nullity of a will, the nullity of a purported donation of the estate property to defendants, and thus the nullity of the subsequent partition and sale.
Defendants, Mr. and Mrs. Gerard Phelps, filed peremptory exceptions of no cause of action and res judicata which after argument were maintained and plaintiff-appellant’s suit was dismissed on November 26, 1984.
A motion for new trial limited to argument was heard on January 5, 1985; and on January 7, 1985, the motion was denied.
Plaintiff thereafter perfected this appeal of the judgment granting the exceptions.
Appellant asserts that the trial court erred in granting the exceptions.
RES JUDICATA
Appellant asserts that a judgment cannot be res judicata to a suit to annul it. We agree.
LSA-R.S. 13:4231[1] provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same: the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
The only portion of the definition of res judicata applicable to the instant case is that the demand is between the same parties. The thing demanded is not the same, and the demand is not founded on the same cause of action. The courts have held that the doctrine of res judicata is stricti juris and any doubt as to its application must be resolved in favor of maintaining the action. Mai v. Mai, 419 So.2d 1251 (La.App.3d Cir.1982), writ denied 420 So.2d 970 (La.1982).
Further, the jurisprudence of Louisiana has consistently held that a plea of res judicata is not available as a defense to an action to annul the judgment the plea is based upon. Powell v. Treat, 265 So.2d 678 (La.App. 2d Cir.1972); Villaneuva v. Schwall, 408 So.2d 1186 (La.App. 4th Cir.1982); Barber v. Testa, 331 So.2d 139 (La.App. 3d Cir.1976); Grant v. Securities Finance Company, 173 So.2d 356 (La.App. 1st Cir.1965); Edwards v. Edwards, 29 La.Ann. 597 (1877). See also Zeigler v. Zeigler, 420 So.2d 1342 (La.App. 3d Cir.1982).
In Grant, cited in Powell, the court noted:
“It is axiomatic that a judgment cannot be res judicata to a suit to annul it.” At 357.
As explained in Edwards:
*1011 "... Otherwise, the action of nullity would be a farce and a mockery, since the existence of the judgment attacked (which alone gives the right and occasion to the action of nullity) would be itself a bar to proceedings to annul it. In other words, the same fact, to-wit: the existence of the judgment, would be at one and the same time the foundation and destruction of a right of action.”
At 599.
Thus, the exception of res judicata was erroneously granted by the trial court.
NO CAUSE OF ACTION
The trial judge granted the exception of no cause of action based on LSA-C.C.P. Article 4627 which states:
“The judgment ordering the public sale of the property to effect a partition, and the sale made in compliance therewith, has the same force and effect as to the absentee, his succession representative and heirs, as if he had been served personally with process and the judgment had been rendered against him personally. Thereafter, the absentee, his succession representative and heirs are precluded from asserting any right, title, or interest in the property partitioned.”
The article following LSA-C.C.P. Article 4627 provides:
“Art. 4628. Deposit of absentee’s share into registry of court
After deducting the portion of the court costs and expenses of the sale to be paid by the absentee, the fee awarded by the court to the attorney appointed to represent him, and any amount required by the judgment to be paid a co-owner, the absentee’s share of the proceeds of the sale shall be deposited into the registry of the court for the account of the absentee, his succession representative or heirs. This deposit may be withdrawn only on order of the court, in accordance with the law regulating such deposits.”
Our review of the caselaw has not produced a definitive interpretation of LSA-C. C.P. Article 4627. On the other hand, while not deciding this particular issue under similar facts, other cases indicate that a cause of action does exist for nullity or rescission of partitions despite the sale in certain circumstances. See: Tuttle v. Tuttle, 462 So.2d 175 (La.1985);[2] Demery v. Nelken, 385 So.2d 531 (La.App. 3d Cir.1980).[3] Further, in Hartson v. Flaty, 189 So. 134, 192 La. 782 (1939), decided prior to enactment of LSA-C.C.P. 4627, the court held that an action to annul a judgment of partition by licitation only effects the proceeds of the sale.
After our consideration of the jurisprudence and codal articles, we conclude that the article at issue is designed to protect the title to property partitioned by licitation. Consequently, as we find no prohibition to an action for nullity or rescission as it relates to the proceeds, we find that the no cause of action was erroneously granted.
For the foregoing reasons, the trial court judgment is hereby reversed and the case remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.

. Heretofore found in LSA-C.C. art. 2286; re-designated as LSA-R.S. 13:4231 by Acts 1984, No. 331, effective January 1, 1985.

. 430 So.2d 269 (La.App. 5th Cir.1983).

. See also LSA-C.C.P. Article 2001-2006 relative to the general action to annul a final judgment and LSA-C.C. Articles 1397, 1398 and 1399 relative to rescission of partitions.