# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 04-953 consolidated with CW 04-721


**EARL LEE SCOTT AND FELICIA A. SCOTT**

**VERSUS**

**JAMES RAY ROBERTS, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2000-0957
HONORABLE STUART S. KAY  JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLIE COLOMBARO WOODARD**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billie Colombaro Woodard, Marc T. Amy, and Billy Howard
Ezell, Judges.

**AFFIRMED.**

Harry Pierre Fontenot  Jr.
Assistant Attorney General
901 Lakeshore Drive, Ste 820
Lake Charles, LA 70601
(337) 491-2844
Counsel for: Defendant Appellant
State of Louisiana, DOTD
James Ray Roberts

Charles A. "Sam" Jones, III
Attorney at Law
P.O. Box 995
DeRidder, LA 70634
(337) 463-5532
Counsel for: Plaintiff Appellee
Earl Lee Scott
Felicia A. Scott

WOODARD, Judge.

James Roberts and the State of Louisiana, through the Department of Transportation and Development (collectively "the State"), appeal the trial court's denial of their motion to reform the judgment and place $45,000.00 in future medical expenses, awarded to Felicia Scott, into a Future Medical Care Fund. The State also filed a writ application, which we consolidated. Because placing the award into the Future Medical Care Fund would be a substantial change in the judgement and because the State did not raise this issue on direct appeal, we affirm the trial court's ruling.

\* \* \* \* \*

On December 3, 2002, a jury awarded Felicia Scott $300,000.00 in general damages, $16,930.40 in past medical expenses, $18,308.00 in lost earnings, $25,000.00 in future lost earnings, and $45,000.00 in future medical expenses. This award resulted from an automobile accident involving her and James Roberts, an employee of the State of Louisiana, Department of Transportation and Development.

Further discussion of the facts of this case can be found in our earlier opinion, *Scott v. Roberts* in which the State appealed the verdict, alleging the $300,000.00 awarded in general damages was excessive.[1] This court affirmed the jury's verdict on October 1, 2003.[2]

On February 20, 2004, the State motioned the trial court to amend the judgment to specify that the $45,000.00 in future medical expenses be placed into the Future Medical Care Fund ("the Fund") and not paid directly to Felicia Scott. The Fund would, then, pay Felicia Scott's future medical costs directly to health care providers up to a maximum amount of $45,000.00. The trial court denied the motion after a hearing on April 19, 2004. The State appeals.

\* \* \* \* \*

**AMENDING THE JUDGMENT**

Whether the judgment can be amended under La.Code Civ.P. art. 1951 is determined by asking if the amendment which the State prayed for "takes nothing

---

[1]*Scott v. Roberts*, 03-435 (La.App. 3 Cir. 10/1/03), 856 So.2d 1258, *writ denied* 03-0328 (La. 1/30/04), 865 So.2d 80.

[2]*Id.*

1

away from or adds nothing to the original judgment."[3] As a practical matter, we must decide if not paying $45,000.00 directly to Felicia Scott and, instead, placing the money into the Fund takes nothing away from the original judgment. If a party desires a substantive change in the judgment, s/he must file a timely application for a new trial or appeal.[4] Apparently, the State abandoned this argument because it does not appear in its brief before this court. Notwithstanding, we conclude that such an amendment would substantially modify the judgment and, therefore would be improper.

**THE JUDGMENT IS CONTRARY TO STATUTE**

The State's sole argument on appeal is that because La.R.S. 13:5106(B)(3)(c) provides that:

> [i]n any suit for personal injury against the state or a state agency wherein the court pursuant to judgment determines that the claimant is entitled to medical care and related benefits that may be incurred subsequent to judgment, the court shall order that all medical care and related benefits incurred subsequent to judgment be paid from the Future Medical Care Fund...

the current judgment is contrary to the statute and we must amend. In support of its argument, the State cites our decision in *Nunez v. Commercial Union Ins. Co.*[5]

In *Nunez*, we concluded that the trial court erred by not placing future medical benefits into a reversionary trust as another subsection of the statute requires. However, the procedural posture in this case is different from that in *Nunez*. The appellants in *Nunez* directly appealed the trial court's judgment on a number of issues, including the placing of future medical benefits into a reversionary trust. Here, the State appealed the trial court's judgment, first to this court and, then, to the supreme court. At no time during that appellate process did the State raise the issue of amending the judgment to place the future medical benefits into the Fund. It raised

---

[3]*Zeigler v. Zeigler,* 420 So.2d 1342, 1344 (La.App. 3 Cir. 1982).

[4]*LaBove v. Theiriot*, 597 So.2d 1007 (La.1992).

[5]00-106 (La.App. 3 Cir. 8/23/00), 774 So.2d 208, *judgment reversed in part on other grounds*, 00-3062, (La. 2/16/01), 780 So.2d 348.

this after it exhausted its appeals on this case. Thus, the provisions of the statute provide us with no procedural vehicle for amending the judgment after the appeals are exhausted.

## CONCLUSION

We conclude that the trial court properly denied the State's motion to amend the judgment, as an amendment at this time is procedurally and substantively improper. Costs of the appeal are assigned to the State.

**AFFIRMED.**

3